### No. 898

HILTON, Police Justice, v. STATE ex rel

Ohio Supreme Court

To Appear in —— Ohio State Reports

No. 17890. Decided June 12, 1923

### 259. MUNICIPAL LAW.

Statute conferring power on City Council to appoint police justice held unconstitutional. (For official Syllabus, see infra.)

JONES, J.

#### Epitomized Opinion

Hilton was duly elected and qualified as justice of the peace for Columbiana Township, Hamilton county. While holding that office, the Mayor of the Village of Terrace Park, acting under authority of 4544 GC., recommended, and on Oct. 13, 1922, the council appointed Hilton to be police justice of the village and to serve in that capacity during the term of the mayor. The resolution of the council invested Hilton as police justice with concurrent jurisdiction with the mayor.

The State brought an action in quo warranto in the Court of Appeals, alleging that Hilton was unlawfully holding the office and exercising its functions by virtue of such appointment; that the appointment was void because GC. 4544, by conferring the power of appointment upon council, was unconstitutional, and because the section did not receive the number of legislative votes required by the constitution for its enactment.

The case went to trial before the Court of Appeals, which held that GC. 4544 did not receive the necessary number of votes, and that it was unconstitutional in attempting to create the office of police justice by appointment. The Court of Appeals accordingly awarded a writ ousting Hilton from office, whereupon he prosecuted error to the Supreme Court. In sustaining the judgment of the Court of Appeals, this court held, in its Syllabus, 25 Abs. 467, as follows:

"The provisions of Section 4544, General Code (98 O. L. 159), to the extent of conferring power upon the council of a municipality to appoint a police justice, are unconstitutional and therefore void."

Attorneys—James A. White and Chas. M. Earhart, Columbus, and Harold L. Hilton, Norwood, for Hilton; Charles S. Bell, Pros., and Chester S. Durr and Nelson Schwab, all of Cincinnati, for State.

---

### No. 899

VINTON (Village) v. JAMES

Ohio Supreme Court

No. 17820. Decided June 12, 1923

To Appear in —— Ohio State Reports

### 259. MUNICIPAL LAW.

Provisions of 4224 GC. for reading ordinances on chosen days, are mandatory—Property owner who acquiesced in construction may not enjoin sidewalk assessment, on ground of invalid ordinance. For official Syllabus, see infra.)

ALLEN, J.

#### Epitomized Opinion

Action by James against village of Vinton to restrain the collection of a sidewalk assessment on the ground that the legislative action upon the ordinance and resolution had not been recorded by the clerk as required by law. When the council passed the ordinance for the construction of the sidewalk in front of James' property, the yea and nay vote of the suspension of the rules was not entered upon the journal. The Common Pleas Court refused the injunction. The Court of Appeals reversed this. In reversing the judgment, the Supreme Court held, in official Syllabus, 25 Abs. 468, as follows:

1. "When as a matter of fact, all the provisions of Sec. 4224 GC. in relation to the passage of a sidewalk ordinance and resolution have been literally complied with by the council of the municipality, but the village clerk has failed properly to record the action of council and plaintiff has acquiesced in the construction of a sidewalk in front of his property at public expense in accordance with such ordinance and resolution, which sidewalk specially benefits plaintiff's property, plaintiff is not entitled to an injunction against the sidewalk assessment on the ground of the invalidity of the ordinance and resolution, the council not having a reasonable opportunity to make the record theretofore omitted by the clerk."

Attorneys—T. S. Hogan, Columbus, and H. W. Cherington, Gallipolis, for Village; R. A. Mack and R. M. Switzer, Cincinnati, for James.