## MALONEY v GUTELIUS et

Common Pleas Court, Trumbull Co.

No. 44876. Decided Nov. 28, 1939.

Joseph T. Molitoris and Alexander U. Spain, Warren, for plaintiff.

George Buchwalter, Warren, for defendant.

## OPINION

By GRIFFITH, J.

On November 15, 1939, council of the city of Warren, by a yea and nay vote of two-thirds of the elected members thereof, passed the following ordinance:

An ordinance for the purpose of appropriating $5,000 from the unappropriated balance of the General Fund, for an investigation and survey of the Police Department.

Be it ordained by the Council of the City of Warren, State of Ohio:

Section 1: That the sum of Five Thousand Dollars be and hereby is appropriated from the unappropriated balance of the General Fund of the City of Warren, Ohio, to be placed in a special fund to be known as the "Special Investigation and Survey Fund," and to be expended for the investigation and survey of the Police Department.

Section 2: That for the preservation of the public health and safety this ordinance is hereby declared to be an emergency measure, and shall take effect and be in force from and after the date of its passage.

This ordinance was adopted pursuant to the provisions of §4227-3, GC.

The plaintiff brings this action as a taxpayer, alleging that the ordinance is null, void and of no effect because it is unlawful, a gross misapplication of public monies and not an emergency measure; and prays that the defendants be enjoined and restrained from carrying into effect the provisions of same.

The evidence presented at the hearing of this case discloses that the mayor and safety director, after receiving numerous oral complaints regarding the police department, did, on March 27, 1939, enter into a written contract with a party whose name is not disclosed, to make an investigation of the police department; that the services were of a highly specialized nature; the party doing the work was to receive $400 per month and expenses, payable monthly; the work was commenced soon after March 27, and seventy-five per cent of the work is now completed; the contract was not limited as to time it should run, and was indefinite as to the aggregate amount, but attempted to bind the city to pay for the same as and when the mayor and director could get the money from the city. No duplicate copy of this written contract was kept by the officials of the city, and no record of this contract or any of its provisions appear in the official minutes or records of the city of Warren anywhere.

Bills have accumulated over the months incident to this work, and the officials who entered into the contract feel that there is a moral obligation on the part of the city to pay for the same. A part of the $5,000 appropriated by ordinance would be used to pay for the work already performed; and a part would be used to complete the investigation.

The sole fiscal authority of a municipality is the council; and this body took no official cognizance of the arrangements made by the mayor and director in March until November 15, when it passed the ordinance in question. Manifestly the contract of March 27 was unenforceable, and had no legal effect as against the city of Warren and its taxpayers. The contract, from its inception, created no obligation or liability; the mayor and director went outside the law to do that which they thought was for the best interest of the city.

The mayor testified that he had tried to give the city a good, honest administration; and, in so doing, incurred these bills, and thinks morally they should be paid, and council concurred in this view, and passed the ordinance.

A claim based upon a moral obligation may not lawfully be paid by a city, unless such moral claim has a legal basis on which to stand. The claim based on a moral obligation is reviewable by the courts which are not bound by the finding of facts of the city council which allows the claim and authorizes its payment.

Persons dealing with municipalities do so at their peril, and are bound by the mandatory provisions of the law enacted for the benefit and protection of the taxpayers of the city.

As a safeguard to the interest of the public, the law is that compliance with

434

statutory provisions must be strictly adhered to when public contracts are executed or ratified.

What moral duty does the city of Warren owe to this undisclosed party, who has undertaken to pursue this investigation, and has performed work under the terms of an illegal, written contract?

· On the evening of November 15, before council passed the ordinance in question, there was no legal obligation on the part of the city to pay a single dollar of the cost of the investigation that was seventy-five percent completed.

May council pass an ordinance on November 15, to pay for an investigation of the police department bottomed upon an illegal contract made the previous March?

Is not council attempting to ratify this contract which the mayor and director had no power to execute, and thereby make the contract a binding obligation?

Municipal corporations are not to be presumed to recognize, nor ratify the acts of their officers done beyond the scope of their authority. Were this not so, a city would be able to do retroactively what it is prohibited from doing originally.

Whether or not this ordinance is a gross misapplication of public monies belonging to the city of Warren is not for this court to say. What is for the public good is a question which council must decide upon its own judgment, in respect to which it is vested with a large discretion which can not be controlled by the courts, except perhaps when its action is clearly evasive. However, it seems to the court that public officials should consider themselves rather as trustees than philanthropists, in the appropriation and disbursement of public funds. Frugality and economy are good morals, both in public and private life.

The important and all decisive question in this case is: Was Ordinance No. 2940 a valid, legislative enactment?

This court has no right to inquire into the sufficiency of the reasons for declaring the ordinance to be an emergency measure, necessary for the immediate preservation of the public peace, health and safety. The responsibility of determining the emergency, and the necessity that the measure go into immediate effect is confided to the city council.

If the prescribed procedure for enactment thereof is followed, such measure goes into effect immediately upon its passage; if it is a valid enacted emergency measure, then the public is denied the right of a referendum upon the legislation. Certain conditions are necessary to the validity of such emergency ordinances:

First, the ordinance must be necessary for the immediate preservation of the public peace, health or safety of the city;

Second, such ordinance must receive the vote of two-thirds of the members of council;

Third, the reasons for such necessity shall be set forth in one section of the ordinance.

Does the ordinance in question meet all of the above requirements?

This ordinance was passed by a two-thirds vote of council upon a yea and nay vote.

The ordinance states that, "for the preservation of the public health and safety it is hereby declared to be an emergency measure."

The language of the statute specifically requires that the reasons for such necessity shall be set forth in one section of the ordinance. Necessity refers to the date of its effectiveness. If it is an emergency measure, it becomes effective immediately; if ordinary, regular legislation then not for thirty days. The bare statement that the ordinance is declared to be an emergency measure, for the preservation of the public health and safety, is but a conclusion of council without the statement of any reason therefor.

Upon the authority of the case of **Goodman v Youngstown, 24 Abs 696,** decided June 4, 1937, by our own Court of Appeals, it is clear that this legislation has not been adopted pursuant to the requirements of §4227-3; and for that reason is invalid.

Since the ordinance in question did not set forth in one section thereof the reasons for the necessity  for such ordinance being passed as an emergency measure, it follows that the ordinance was not properly adopted as an emergency measure; and a perpetual injunction is granted, restraining and enjoining the defendants from carrying into effect the provisions thereof. Exceptions are saved to all parties adversely affected by this decision.