**STATE, ex rel. GROGHAN et, Plaintiffs-Relators, v. RULON, Clerk of Council of New Vienna, Defendant-Respondent.**

Common Pleas Court, Clinton County.

No. 18748. Decided February 3, 1960.

Hart, Barns & Riley, Wilmington, for plaintiffs-relators.

Harold H. Uible, Village Solicitor, New Vienna, Peck, Shaffer & Williams, Cincinnati, for defendant-respondent.

## OPINION

By SWAIM, J.

This is an action in Mandamus, asking that the Court order the Clerk of Council of New Vienna, Ohio, the Defendant-Respondent herein, to certify a Referendum Petition upon Ordinance No. 59.8 "An Ordinance Fixing Rates and Charges for Water Service to the Village of New Vienna, Ohio, Its Inhabitants and Other Users, and Declaring an Emergency," to the Board of Elections of Clinton County, Ohio; said Referendum Petition seeking a Referendum upon this Ordinance, the Petition containing more than the statutory 10% of the qualified electors, as required by §731.29 R. C. Said Ordinance was passed on August 21, 1959, a verified copy of the Ordinance was filed with the Clerk on September 14, 1959, prior to the circulation of the Petition (§731.32 R. C.), and the Referendum Petition was filed with the Clerk of Council on September 17, 1959, within the statutory time of thirty days (§731.29 R. C.). The Clerk having refused to so certify the Referendum Petition, to the Board of Elections, in accordance with its request, this action was instituted, and the pleading of Plaintiffs-Relators before the Court is the Second Amended Petition.

The Defendant-Respondent filed an Answer, stating that the Council of New Vienna, Ohio, consists of six members, that the Ordinance was adopted by a vote of six (6) to zero (0), that in Section 4 of said Ordinance an emergency was declared, and that it provided that the Ordinance should go into effect immediately. That the Referendum Petition was filed with him, that he did not keep the same for ten days, but returned it to one of the designated Committee, and that he did not attempt to ascertain if the Petition complied with the statutes, as the said Ordinance was not subject to referendum, due to the emergency clause of the Ordinance.

The matter, by agreement of all parties and of all counsel, is submitted to the Court, upon the following, in addition to the pleadings: (1) A certified copy of Ordinance No. 59.8; (2) A certificate of the posting of said Ordinance in five (5) public places; (3) An EXACT copy of All of the proceedings of Council of Village of New Vienna, Ohio, in both the regular and the adjourned sessions, with the same to be certified by the Clerk as being exact copies of said proceedings (and the same were so certified); (4) The Referendum Petition in question; and (5) Briefs of counsel for both parties.

The Ordinance No. 59.8, was "adopted" at an adjourned meeting of the Village Council, on August 21, 1959 (adjourned from August 17, 1959), and the certified copy of the minutes show the following as to this Ordinance:

Board presented Rate Ordinance No. 59.8 (Copy attached as Exhibit A, and made a part hereof).

An Ordinance Fixing Rates and Charges for water service to the Village of New Vienna, O, its inhabitants and other users, and declaring an emergency. Ordinance read for first time.

Moved by Stackhouse 2 by Ledford that rules requiring ordinance to be read on three separate days be suspended and ordinance be passed to second reading.

Carried by full yea vote.

Ordinance was read for second time.

Moved by Thompson 2 by Ledford that ordinance be passed to its third reading.

Carried by full yea vote.

Ordinance was read for third time.

Moved by Daye 2 by Irwin that ordinance be adopted as read.

Carried by full yea vote.

- - - - -            - - - - -                      - - - - -

Ordinance No. 59.8 was posted as ordered by Council, in Bank, Post office, the two Barber Shops, and Council Room window.

The emergency clause, Section 4 of said Ordinance No. 59.8, reads as follows:

Section 4. This ordinance is declared to be an emergency measure for the preservation of the public peace, health and safety of the Village for the reason that the rates herein provided for must be established in order that the bonds to improve the waterworks system may be issued and sold without delay, and it shall take effect immediately upon its passage.

There is no question that the proper steps as to the filing of verified copy of said Ordinance with the Clerk, as required by §731.32 R. C., before the circulation of the Petition, were complied with. There is no question raised as to the Petition not being proper under §731.33 and 731.34 R. C. There is no question raised as to the number of signatures, as required by §731.29, R. C., as to the same not being sufficient. There is no question raised as to the time of filing, as required by §731.29 R. C., as to the same not being filed within time.

The particular question raised by the acts of Clerk of New Vienna, Ohio, and by counsel for both parties, is as to §§731.29 and 731.30 R. C., the pertinent parts of which are:

(Sec. 731.29 R. C.) Any ordinance or other measure passed by the legislative authority of a municipal corporation shall be subject to the referendum, except as provided by §731.30 R. C. No ordinance or other measure shall go into effect until thirty days after it is filed with the mayor of a city or passed by the legislative authority in a village, except as provided by such section.

(Sec. 731.30 R. C.) - - - - - emergency ordinances or measures necessary for the immediate preservation of the public, peace, health or safety in such municipal corporation, shall go into immediate effect. Such emergency ordinance or measure must, upon a yea and nay vote, receive a two-thirds vote of all the members elected to the legislative authority, and the reasons for such necessity shall be set forth in one section of the ordinance or other measure.

There are other pertinent sections, not cited by counsel for either side, which are important herein.

The pertinent part of §731.17 R. C., reads as follows:

The action of the legislative authority of a municipal corporation shall be by ordinance or resolution, and on the passage of each ordinance or resolution the vote shall be taken by yeas and nays and entered upon the journal, - - No bylaw, ordinance or resolution of a general or permanent nature, or granting a franchise, or creating a right, or involving the expenditure of money or the levying of a tax, or for the purchase, lease, sale or transfer of property shall be passed, unless it has been fully and distinctly read on three different days, and with respect to any such bylaw, ordinance or resolution, there shall be no authority to dispense with this rule, except by a three-fourths vote of all members elected to the legislative authority, taken by yeas and nays, on each such bylaw, resolution or ordinance, and entered on the journal. No ordinance shall be passed without the concurrence of a majority of all members elected to the legislative authority.

The pertinent part of §731.19 R. C., reads as follows:

Each such bylaw, resolution and ordinance shall be adopted or passed by a separate vote of the legislative authority of a municipal corporation, and the yeas and nays shall be entered upon the journal.

- - - - -          .          -  - - - - -                              - - - - -

Counsel for Plaintiffs-Relators cite:

Youngstown v. Aiello, 156 Oh St 32, 100 N. E. (2d) 62, 45 O. O. 45; Goodman v. Youngstown, 24 Abs 696; Maloney v. Gutelius et al, 16 O. O. 145, 30 Abs 432.

Counsel for Defendant-Respondent cite:

State, ex rel. Fostoria v. King, 154 Oh St 213, 94 N. E. (2d) 697, 43 O. O. 1, and counsel in citing this case, specifically quote Section 12 of the Fostoria Ordinance No. 2132, which was before the Supreme Court of Ohio, in that case.

Later after the original opinion herein, such counsel for Defendant-Respondent cited:

Vinton v. James, 108 Oh St 220, 140 N. E. 909, 1 Abs 866; State, ex rel. Wuebker, v. Bockrath, 152 Oh St 77, 87 N. E. (2d) 462, 39 O. O. 389.

Referring to the cases cited by counsel for Plaintiffs-Relators, we find that paragraph 3 of Youngstown v. Aiello, supra, decided in 1951, says:

3. A separate provision of an ordinance "that this ordinance is hereby declared to be an emergency measure necessary for the preservation of the public peace, health and safety, and shall take effect upon its passage and approval by the mayor," which ordinance was adopted by a vote of two-thirds of all the members elected to council, is ineffective to constitute the ordinance an emergency measure, where the reasons for the necessity are not announced, and set forth in the emergency section of said ordinance, as required by §4227-3 GC.

(Sec. 4227-3 GC, is now found as §731.30 R. C.)

The other two cases are to the same effect, Goodman v. Youngstown, supra, Court of Appeals of Mahoning County, 1937, and Maloney v. Gutelius et al, supra, Court of Common Pleas of Trumbull County, 1939, and add nothing to the argument of Plaintiffs-Relators.

The Court finds that these three cases so cited by counsel for Plaintiffs-Relators are good law upon the facts before the Courts,—that the

emergency clause must state more than there is an emergency, and that the ordinance must contain the reason for the enactment of the emergency clause. The "emergency clause" in the three cited cases is different from the emergency clause, Section 4, of this Ordinance 59.8, of the Village of New Vienna, Ohio, which does give a reason for the claim of Council that there is an emergency.

Section 13 of the Fostoria Ordinance No. 2132, which was before the Supreme Court of Ohio, in State, ex rel. Fostoria, v. King, supra, 1950, reads as follows:

Section 13. That this ordinance is declared to be an emergency measure, necessary for the preservation of the health, safety and welfare of the City of Fostoria and the inhabitants thereof, and for the further reason that the immediate establishment of sewer rates and charges is necessary to enable the City to go forward with the construction and financing of essential enlargements of the municipal sewerage system; Therefore this Ordinance shall take effect and be in force immediately upon its passage and approval.

In this Fostoria case, the Supreme Court says in paragraph 4 of the syllabus:

4. The duty and responsibility of determining the emergency and the necessity that a measure go into immediate effect and of giving reasons for such necessity are placed by §4227-3 GC, in the council or other body corresponding to the council of a municipality. Such a determination by a municipal council and the soundness of the reasons stated by such council for such necessity are not subject to review by the courts.

Fostoria Ordinance No. 2132 related to sewer rates and charges, and Section 13 gave the reason why Council declared an emergency to exist. New Vienna Ordinance No. 59.8 relates to water rates and charges, and Section 4 gives the reason why Council declared an emergency to exist.

This Ordinance No. 59.8, in Section 4, complies with the statutory requirements as to declaration of an emergency.

The case of Vinton v. James, supra, in paragraph 1 of the syllabus holds:

1. The provisions of §4224 GC, that no by-law, ordinance or resolution involving the levying of a tax shall be passed by council unless it has been fully and distinctly read on three different days, and that with respect to any such by-law, ordinance or resolution there shall be no authority to dispense with this rule except by a three-fourths vote of all members elected thereto, taken by yeas and nays on each by-law, ordinance or resolution and entered on the journal, are mandatory and must be strictly followed.

(Note: this section is now §731.17 R. C.)

In the opinion of Judge Allen, concurred in by all the other members of the Supreme Court, we find the following (referring to the case of Board of Education v. Best, 52 Oh St 138, 39 N. E. 694, 27 L. R. A. 77), on pages 228-230:

In that case, the Court held that the making of the record is no less mandatory and imperative than the other provisions of the section, and that in case of failure of the clerk to record the vote, the result

of the clerk's neglect must fall upon the municipality. - - While agreeing that the two cases differ on the facts, the court does not agree with the view that the recording of the action of council is not mandatory. The very reason for prescribing the record of the suspension of the rules and of the vote is to furnish definite and conclusive evidence that the measure has been passed by the requisite majority and in accordance with law. It is because of the need of such evidence that the requirements of the recording of the vote is held in this state to be mandatory. This rule should not be relaxed.

The case of State, ex rel. Wuebker v. Bockrath, supra, 1949, refers to correction of a record by a **nunc pro tunc** entry, and the first three paragraphs of the syllabus read as follows:

1. A record must speak the truth and when it does not do so, those who have the authority and power may correct the record to make it conform to the truth.

2. **A nunc pro tunc** correction of an earlier record is entitled to the same respect as if it were the original record.

3. The record of an administrative board may be corrected to conform to the actual truth, after the time when it should have been made.

This case does not refer to, and does not overrule, the leading case of Board of Education v. Best, supra, 1894, which was cited with approval in Vinton v. James, supra.

In this case of Board of Education v. Best, the question involved §3982 **R. S.**, the pertinent part of which is now found in §3313.18 **R. C.**, which requires that upon many questions, the roll of the board member shall be called by the clerk and the clerk shall "enter on the record— the names of those voting 'aye' and the names of those voting 'no.'" There are many things in that opinion that are pertinent here, and the Court will therefore quote from that opinion.

Mandatory statutes are imperative, and must be strictly pursued, otherwise the proceeding which is taken ostensibly by virtue thereof will be void. (pp. 151-152.)

- - these organizations that derive their existence as bodies politic and corporate from the legislature, cannot be allowed the same latitude in the observance of their statutory duties, as is permitted to the general assembly. Such subordinate bodies corporate are not privileged to treat express and explicit provisions of the statute as only directory, discretionary. (p. 153.)

Where there is a **viva voce** vote, taken in the usual way, which is by a call for all those who are in favor to say aye, and those opposed to say no, without entering at large on the minutes the names of those voting, the presiding officer judges by his ear which side has the more voices. But, if the vote of a quorum is in favor of a motion or resolution and no vote is cast against it, the record may still be, that it was adopted unanimously, though some of the members present, in fact, abstained from voting. (p. 153.)

- - the general assembly has carefully guarded against ambiguity by prescribing a method of voting, which should not be departed from, and in that regard, the rule **expressio unius** should, we think, be strictly applied. (p. 153.)

There can be no doubt that the provision of the statute which requires those votes to be entered at large upon the minutes, was designed to accomplish an important public purpose, and that it cannot be dispensed as immaterial, nor its observance be dispensed with. The purpose, among other things, is to make the members of the common council feel the responsibility of their action when these important measures are upon their passage, and to compel each member to bear his share in the responsibility, by a record of his action which should not afterwards be open to dispute. (p. 155.)

- - Such a provision is designed to serve an important purpose in compelling each member present to assume as well as to feel his due share of responsibility in legislation; and also in furnishing definite and conclusive evidence whether the bill has been passed by the requisite majority or not. (p. 155.)

In the instant case, the record as made by the Clerk of the Village, and as certified by him, reads, as to the vote "Carried by full yea vote," the record in the Board of Education v. Best case, supra, shows "—declared elected by unanimous vote." Neither record complies with the mandatory statutory requirement.

The case of Vinton v. James, supra, cited by counsel for Defendant-Respondent is decided upon estoppel, which is not involved here, and the legal principle is against the council citing this case. The case of State, ex rel. Wuebker v. Bockrath, supra, also so cited, is not pertinent here, as there is no question of entries nunc pro tunc, in view of the certification of the Clerk as to the records of the Village Council.

The cited and certified minutes of the Village Council of the day in question, August 21, 1959, show a direct non-compliance and violation of §§731.30, 731.17 and 731.19 R. C. The statutes are plain and clear and unambiguous, and cannot be easily misunderstood. They are mandatory. If the minutes as certified were incorrect then each member of Council had a duty to have the minutes corrected upon their reading at the next Council meeting. Each member of the Council being satisfied that the same needed no correction, the record of August 21, 1959, must, therefore, show what did actually take place, and the question of nunc pro tunc correction does not arise in this case in any way whatsoever.

The mandatory provisions of the statutes are again quoted:

Sec. 731.30 R. C.:—upon a yea and nay vote, receive a two-thirds vote of all members elected to the legislative authority.

Sec. 731.17 R. C.:—the vote shall be taken by yeas and nays and entered upon the journal. - - - by a two-thirds vote of all members elected to the legislative authority, taken by yeas and nays,—and entered on the journal.

Sec. 731.19 R. C.:—the yeas and nays shall be entered upon the journal.

The Journal and record shows as to the vote upon suspension of the rules and upon the passage of the ordinance, the same wording: "Carried by full yea vote."

This is not compliance with the mandatory and positive statutory

requirements as to suspension of the rules, and as to passage of an ordinance of a municipal corporation.

The Court therefore holds that there has been no Ordinance No. 59.8 passed by the Council of the Village of New Vienna, Ohio, and that the status of the Ordinance bearing this number, introduced on August 21, 1959, is that it has been read the first day or the first time only, and that nothing further has been legally done wih reference thereto.

In addition to the citations above, there is ample authority for this position of the Court; this rule of law is so well known that it is unnecessary to list a long number of cases, holding that the record and Journal must show by name, the yea or nay vote of each member, upon each ordinance, by-laws or resolution, and particularly upon any suspension of the rules. The notation here "full yea vote" is not compliance with the easily understood mandatory statutory requirements governing municipal legislation.

The Court is therefore compelled to refuse the writ of mandamus, as there had been no valid ordinance of the Village of New Vienna, Ohio, even if there had been no emergency clause in the Ordinance No. 59.8, and the insertion of such emergency clause did not waive the mandatory statutory requirements.

The Court is not required to pass upon any other ordinances of the Village of New Vienna, Ohio, in this action.

Costs to be paid by the Village of New Vienna, Ohio. The Village of New Vienna, Ohio, shall not act, or try to act under this so-called Ordinance No. 59.8, until the same is legally passed in accordance with the laws of Ohio, and all purported acts up to the time that said Ordinance shall be legally passed are null and void, and any person prejudiced by any such illegal acts shall have right of action for the recovery of any money erroneously paid to the Village under such purported Ordinance No. 59.8, purported to have been passed on August 21, 1959.

Counsel for Plaintiffs-Relators to draw proper entry, submit the same to opposing counsel, and the same shall be submitted to this Court not later than February 13, 1960.