## ACTION ON CLAIM IRREGULARLY CONTRACTED BY VILLAGE.

Court of Appeals for Hamilton County.

THE VILLAGE OF PLEASANT RIDGE v. THE DAYTON LIMESTONE COMPANY.

Decided, July 12, 1913.

*Municipal Corporations—Obligation Incurred Without Complying With Statutory Provisions—Failure of Action on Claim so Incurred— Sections 3806 and 4221.*

A cause of action is not stated against a village on an account for material used in improving its streets, where there is no allegation that a certificate issued as to there being sufficient money in the treasury and unappropriated to meet the proposed obligation, or advertisement was made for bids for the work, or that the obligation was to be met by the proceeds from an issue of bonds; nor can the argument prevail that because the material so furnished was actually used by the village it became morally bound to pay the claim.

*Stanley W. Merrell,* Assistant City Solicitor, for plaintiff in error.

*Paxton, Warrington & Seasongood,* contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

Plaintiff in error seeks to set aside a judgment by defendant in error in the court of common pleas for $1,500 and interest for stone furnished and delivered for the improvement of its streets.

The record shows that the stone was furnished on four written ordered addressed to the Lewis & Talbott Stone Co., three of them for 369 cubic yards of stone at $1.35 per cubic yard, signed by "John Petzer and William B. Thesing. S.S.G. Committee," and the other for 389 cubic yards signed by "John Petzer, S.S.G. Committee." No written contract was entered into and signed by the proper village officers, no advertisement for bids was made and no certificate from the village clerk was filed showing that money was in the treasury set apart to meet the

proposed expenditure. The stone was delivered and used on the village streets. A partial payment was made on the account, and a question being raised as to payment for the balance claimed, an ordinance was passed by the village council February 18, 1907, "to allow the claim of the Lewis & Talbott Stone Company for material furnished for use on the streets of Pleasant Ridge," and the clerk was directed to issue a warrant against the 'first available funds," and the treasurer was directed to pay over such amount to the Lewis & Talbott Stone Company or their attorneys or agents the sum of $1,500 in full settlement of said claim of the Lewis & Talbott Stone Company. No certificate was attached to such ordinance that there was money in the treasury to meet such expenditure.

The petition below does not state a cause of action. It fails to set out a valid contract, as it does not comply with the municipal code, under G. C., 3806, there being no certificate that there is money in the treasury set apart to meet the expenditure; or under G. C., 4221, which requires an advertisement when the expenditure is in excess of $500; nor does the evidence show that these provisions were complied with, and defendant therefore can not be held. *City of Lancaster* v. *Miller,* 58 O. S., 558; *Buchanan Bridge Co.* v. *Campbell,* 60 O. S., 406; *Comstock* v. *Nelsonville,* 61 O. S., 288; *Wellston* v. *Morgan,* 65 O. S., 219.

Plaintiff below however relied upon the case of *Emmert* v. *Elyria,* 74 O. S., 185, claiming that bonds were to be issued to raise money to pay for resurfacing the streets and that the stone furnished by plaintiff was used as part of such work. The record fails to support that claim.

Nor can the argument prevail that because the material furnished was actually used by the village it thus became morally bound to pay the claim. Such an argument might be heard in a suit to prevent the village from making such payment if it so desired, but it can not be used in a suit like this at bar where the village is resisting payment in a suit filed to recover the value of the materials. This argument was used unsuccessfully however in the case brought by Castner, a tax-payer, against the village of Pleasant Ridge, to enjoin the payment of the same claim involved in this case. The opinion of the

common pleas court in granting a perpetual injunction is reported in 7 N.P.(N.S.), 174, and it does not appear but that the decree entered therein is still in full force. The village set up this decree as a defense to this action. While the plaintiff here was not a party to the record in that case, and is therefore not concluded by that decree, yet it seems inconsistent that the same court should enter that decree enjoining the village from paying the claim, and then in this suit brought to enforce the same claim, enter a judgment compelling payment by the village.

The record also fails to show how the plaintiff here became the owner of a claim for materials furnished by the Lewis & Talbott Company.

The judgment below is therefore set aside and judgment will be entered for plaintiff in error.