## CONTINENTAL CASUALTY CO v CINCINNATI RY SUPPLY CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10882.  Decided Dec 22, 1930

Orgill, Masche & Wickham, Cleveland, for Casualty Co.

Merrick, Walsh & Quinn, Cleveland, for Supply Co.

MIDDLETON, P. J., MAUCK & BLOSSER, JJ. (4th Dist) sitting.

MIDDLETON, PJ.

The Casualty Co., bring this proceeding to reverse the judgment against it so rendered, and contends that the trial court erred in several particulars in the trial of the case. It insists now that its motion for a directed judgment should have been sustained for the reason that the supply company neither pleaded nor proved an enforceable legal contract between the village of Berea and the contractor, The Smith Company. The Casualty Co., maintains that it was not shown that the certificate as required by 5625-33 GC was attached to said contract.

An inspection of the record confirms the claim that such certificate was not shown in evidence, nor pleaded in the statement of claim.

The provisions of said section pertinent to this claim are as follows:

"No subdivision or taxing unit shall * * * make any contract or give any order involving the expenditure of money unless there is attached thereto a certificate of the fiscal officers of the

subdivision that the amount required to meet the same * * has been lawfully appropriated for such purpose and is in the treasury or in process of collection to the credit of an appropriate fund free from any previous encumbrances."

It was held by the Circut Court of this District sitting in this county, in the case of **Soeder vs City of Cleveland, 16 C. C. (NS) 260,** that a certificate of a like kind as that required by the section quoted, must be pleaded in the petition, and a like holding was made in the Circuit Court in Hamilton County, in the case of **Village of Pleasant Ridge vs. Dayton Limestone Co. 17 C. C. (NS) 426.**

The failure either to plead or prove a compliance with the statute, is fatal to a recovery in the instant case. It is apparent that with no enforceable contract with the village of Berea there is no enforceable liability on the bond. This is so, for the reason that the contract primarily supports the bond and is the basis of the bond. A contract not legally binding is no contract. So far as the record shows, therefore, there was and is no contract between the Smith Company and the village of Berea, to which the terms and obligations of the bond may apply.

The Casualty Company has the right to set up a defense that the contract between the municipality and the contractor was void. **The Southern Surety Co. vs Mores-Coney et al, 29 Oh Ap 310.**

It is further contended that there was no proof that the material furnished by this supply company went into the improvement for the village. We think this fact, however, is sufficiently shown on page 25 of the bill of exceptions where the stipulation between the counsel for plaintiff and counsel for the Casualty Company recites, among other things, that "An attested account showing the delivery of material to the Wm. B. Smith Company for delivery of material consisting of a quantity of lead that was used in the municipal water distribution system of the village of Berea and showing a total unpaid balance of $2476.40."

The remaining contentions of the Casualty Company are not material and require no notice. Some claim is made by the supply company to the effect that the certificate in question was not required, but, under the provisions of **Sec. 5625-33 supra,** it is obvious that such certificate is necessary to give validity to the contract.

It should be observed that this section is of recent enactment and its provisions are probably not as yet well understood.

The judgment is reversed and the case is remanded to the Municipal Court for further proceedings according to law.

Mauck and Blosser, JJ, concur.