## TOLEDO (city) v NATIONAL SUPPLY CO

Ohio Appeals, 6th Dist, Lucas Co

No 2850. Decided Jan 22, 1934

204

Ralph W. Doty, Director of Law, Toledo, and Clarence A. Irwin, Toledo, for plaintiff in error.

Edward Rinderknecht, Toledo, for defendant in error.

## OPINION

By WILLIAMS, J.

The contention of plaintiff in error is that the original written lease was absolutely void because the provisions of §5625-33, GC, were not complied with, for the reason that no certificate was placed on file as therein required and that under the doctrine in City of Wellston v Morgan, 65 Oh St, 219, there is no implied municipal liability in matters ex contractu at the present time and has been none since the passage of the act of April 8, 1876, (73 O. L., 125) part of which has been carried into and made a part of the present §5625-33 GC.

The city paid all of the rental during the three-year period and has authorized, by appropriate legislation, the payment of the rental for the three-month period during which the city held over and, before the action was begun below, tendered the rent, amounting to $268.75, being one-fourth of the annual rental of $1075.00, which tender The National Supply Company refused. No tender of taxes was made because no part of unpaid taxes was due and payable until December, 1930.

In our judgment the contention of the plaintiff in error is well-founded for the reason that the doctrine that a contract will not be implied against a city applies to a contract of lease as well as any other contract. We are therefore compelled to reverse the judgment; but as the City of Toledo is willing to make its tender good and pay the rental for the three-month period in the sum of $268.75, instead of final judgment being rendered for plaintiff in error, judgment will be entered in this court in favor of The National Supply Company against the City of Toledo in the sum of $268.75 with the proviso, however, that The National Supply Company is to pay all costs, the tender having been made before suit was instituted. To the entry of

this judgment, it is understood that the City of Toledo assents.

Judgment will be modified accordingly as of the date of the judgment below, and as modified will be affirmed.

Judgment affirmed as modified.

RICHARDS and LLOYD, JJ, concur.