**HAWLEY v TOLEDO (city) et**

Ohio Appeals, 6th Dist, Lucas Co

No 2889. Decided Feb 19, 1934

Edward Lamb, Toledo, W. S. Thurstin, Toledo, W. K. Fenton, Toledo, and David L. Seps, Toledo, for plaintiff.

Ralph W. Doty, Director of Law, Toledo, Clarence A. Irwin, Assistant Director of Law, Toledo, and Martin S. Dodd, Toledo, Amicus Curiae, for defendants.

## OPINION

By RICHARDS, J.

The evidence shows that the expenditure was not authorized by the city council and was in violation of §228 of the City Charter which prohibits the making of contracts involving the expenditure of $500.00 or more without the authorization of council. The contract was also in violation of §226 of the City Charter which prohibits the entering into a contract by the city involving the expenditure of money unless the Director of Finance shall first certify to the council or to the proper officer that the money required for such contract is in the treasury to the credit of the fund from which it is to be drawn and not appropriated for any other purpose. The contract also violated the provisions of §5625-33, GC, in that there was no certificate that the money was in the treasury applicable to this purpose.

No doubt can exist that the violation of these provisions rendered the contract attempted to be entered into absolutely void and of no binding effect on the city. It was so held in a decision of this court rendered on January 23, 1934, entitled City of Toledo v National Supply Co, 40 Court of Appeals Opinions, Sixth Dist, unreported, p. 209, (16 Abs 203) as to a similar contract. This principle was established in this state many years ago and has been announced in a great many decisions of the Supreme Court, of which we cite only three.

Lancaster v Miller, 58 Oh St, 558;

Buchanan Bridge Co. v Campbell et, 60 Oh St, 406;

Phillips v Hume, 122 Oh St, 11.

Since the making of the alleged contract, there has been a change of administration in the city, and it is fair to say that the present Director of Law and his assistant concede the invalidity of the contract. The plaintiff is entitled to an injunction, and that will be the decree of the court.

WILLIAMS and LLOYD, JJ, concur.