The Schumacher Stone Co., Appellee, *v.* Village of Columbus Grove, Appellant.

(No. 347—Decided January 17, 1944.)

*Mr. R. S. Steiner,* for appellee.
*Mr. O. James Steele,* for appellant.

Middleton, J.   The issues in this case are made up by the third amended petition, an answer and a reply.

The third amended petition sets forth that the plaintiff is a corporation organized under the laws of Ohio; that the defendant is a municipal corporation organized under the laws of Ohio; that the defendant, by order and authority of its council, purchased at various and numerous times, certain crushed stone with which to maintain and repair its streets, alleys and other property; that no one of such orders amounted to or exceeded the sum of fifty dollars; that no part of such stone was sold or delivered to supply any one project or any one unit of the village property; and that there is due the plaintiff on the account, $534.21 with interest, as evidenced by an exhibit attached to and made a part of the third amended petition. The exhibit sets forth deliveries of stone to the defendant, covering the period from December 21, 1936, to November 20, 1937, both dates inclusive, charge being made for deliveries in December, 1936, and in July, August, September and November, 1937.

The answer admits that the defendant is a municipal corporation, and denies that any of the stone was purchased by defendant by order and authority of its council.

The answer further sets forth the averment that proper and necessary legislation was not passed by the council of the village as required by law; that no contract in writing was entered into; that the records of defendant fail to disclose a certificate was filed showing the money was in the treasury to the credit of the proper fund for such expenditure and not appropriated to any other purpose; that the statement attached to the third amended petition shows the delivery of stone covered a period of more than three months; and that certain payments were made by defendant for stone delivered. Then follows a general denial of all averments not specifically admitted to be true.

The reply denies all averments of new matter in the answer, and pleads estoppel.

On the trial, a jury was waived by the parties and the cause submitted to the court without the intervention of a jury.

The defendant demurred to the introduction of any testimony on the part of the plaintiff, on the ground that the petition did not state a cause of action, which demurrer was overruled by the court. At the conclusion of plaintiff's case the defendant moved for judgment in favor of the defendant, "no cause of action," which motion was also overruled by the court. The defendant offered no defense.

The court thereupon rendered judgment in favor of plaintiff for the amount prayed for.

Motion for new trial was filed by defendant and overruled.

The cause is now before this court upon questions of law.

Among the assignments of error complained of by defendant, as argued in its brief, are included:

First. Error of the trial court in overruling demurrer of defendant to the introduction of any evidence by plaintiff for the reason that the petition did not state sufficient facts to constitute a cause of action. That the petition did not allege that a certificate was filed showing the amount required to meet the payments for the material had been lawfully appropriated for such purpose and was in the treasury or in the process of collection to the credit of an appropriate fund, free from any previous encumbrances.

Second. Error of the court in overruling defendant's motion at the conclusion of plaintiff's case, for judgment in favor of defendant.

The third amended petition does not aver that any certificate of the fiscal officer of the village was furnished, showing that the amount required to meet the

expenditure had been lawfully appropriated for such purpose and was in the treasury or in the process of collection to the credit of an appropriate fund, free from any previous encumbrances.

A careful reading of the bill of exceptions shows that no evidence was offered by plaintiff attempting to prove that any such certificate was furnished, or requested of the fiscal officer of the village.

Section 5625-33, General Code, provides as follows:
"No subdivision or taxing unit shall:

"(a) Make any appropriation of money except as provided in this act; provided that the authorization of a bond issue shall be deemed to be an appropriation of the proceeds of the same for the purpose for which such bonds were issued, but no expenditure shall be made from any bond fund until first authorized by the taxing authority.

"(b) Make any expenditure of money unless it has been appropriated as provided in this act.

"(c) Make any expenditure of money except by a proper warrant drawn against an appropriate fund which shall show upon its face the appropriation in pursuance of which such expenditure is made and the fund against which the warrant is drawn.

"(d) Make any contract or give any order involving the expenditure of money unless there is attached thereto a certificate of the fiscal officer of the subdivision that the amount required to meet the same (or in the case of a continuing contract to be performed in whole, or in part, in an ensuing fiscal year, the amount required to meet the same in the fiscal year in which the contract is made), has been lawfully appropriated for such purpose and is in the treasury or in process of collection to the credit of an appropriate fund free from any previous encumbrances. Every such contract made without such a certificate shall be void and no warrant shall be issued in payment of any amount

due thereon. In case no certificate is furnished as hereinbefore required, upon receipt by the taxing authority of the subdivision or taxing unit, of a certificate of the fiscal officer that there was at the time of the making of such contract or order, and at the time of the execution of such certificate a sufficient sum appropriated for the purpose of such contract and in the treasury or in process of collection to the credit of an appropriate fund free from any previous encumbrances, such taxing authority may authorize the issuance of a warrant in payment of amounts due upon such contract; but such resolution or ordinance shall be passed within thirty days from the receipt of such certificate; provided, however, that if the amount involved is less than fifty dollars, the fiscal officer may authorize it to be paid without the affirmation of the taxing authority of the subdivision or taxing unit, if such expenditure is otherwise valid.''

It will be observed that if the ''amount involved is less than fifty dollars, the fiscal officer may authorize it to be paid without the affirmation of the taxing authority of the subdivision or taxing unit, if such expenditure is otherwise valid.''

This, however, is conditioned upon compliance with the preceding part of the paragraph, that is, the filing ''of a certificate of the fiscal officer that there was at the time of the making of such contract or order, and at the time of the execution of such certificate a sufficient sum appropriated for the purpose of such contract.''

Where such certificate has been filed and the amount is less than fifty dollars, the fiscal officer may pay the claim without the affirmation of the taxing authority.

In this case, however, no certificate of any kind was furnished.

The third amended petition does not state a cause of action as it fails to plead the furnishing of a certi-

ficate by the fiscal officer of the village, that the money was in the treasury to meet the expenditure.

The trial court, therefore, should have sustained the demurrer of the defendant to the introduction of any evidence by the plaintiff.

The bill of exceptions discloses that plaintiff failed to prove that the certificate of the fiscal officer of the village was furnished showing that the money was in the treasury to meet the expenditure.

Plaintiff having failed to plead or prove the furnishing of such certificate, the trial court erred in overruling defendant's motion for judgment for the defendant.

"Failure either to plead or prove a compliance with Section 5625-33, General Code, requiring the attachment of a certificate of appropriation to a public contract, is fatal to a recovery on such contract." *Continental Casualty Co.* v. *Cincinnati Railway Supply Co.,* 9 Ohio Law Abs., 471.

"City's contract for purchase of materials for bridge repair, not authorized by city council and executed without director of finance certifying that money required for contract was in treasury to credit of fund from which it was to be drawn, and in absence of certificate that money was in treasury applicable to such purpose, *held* void, entitling taxpayer to have city's payment of money thereunder enjoined, though materials had been used for purposes intended (Section 5625-33, General Code)." *Hawley* v. *City of Toledo,* 47 Ohio App., 246, 191 N. E., 827.

"A cause of action against a village is not stated on an account for material used in improving its streets, where there is no allegation that a certificate issued as to there being sufficient money in the treasury and unappropriated to meet the proposed obligation, or that advertisement was made for bids for the work, or that the obligation was to be met by the proceeds from

an issue of bonds; nor can the argument prevail that because the material so furnished was actually used by the village it became morally bound to pay the claim." *Village of Pleasant Ridge* v. *Dayton Limestone Co.,* 1 Ohio App., 405.

The above holdings are supported by a long line of decisions. Plaintiff in its reply pleads estoppel. Estoppel does not lie where the power to contract the debt is expressly provided for and limited by legislative enactment.

"It is well settled that the rule that there can be no estoppel where a municipality or other public body is wholly without power to make a contract applies to contracts made otherwise than as expressly provided and limited by statutes which confer the power to contract and prescribe the mode by which the municipality shall exercise that power. Such statutes are regularly construed as mandatory and compliance therewith is regarded as a condition precedent to the power to enter into a valid contract. Consequently no act of the municipality or its officers can preclude it from relying upon the provisions of these statutes in defense of actions upon contracts made in disregard thereof. This is true even though the other party may have performed his part of the contract and the municipality may have received and retained the benefits thereof." 16 Ohio Jurisprudence, 657, Estoppel, Section 77.

The Legislature has, by legislative enactment, set out in Section 5625-33, General Code, restricted the power of municipal corporations to enter into contracts or to expend public funds.

Those who would deal with the agents of a municipality must assume the risk that all necessary steps have been taken requisite to a legal contract.

As stated by Judge Bradbury, in *McCloud & Geigle* v. *City of Columbus,* 54 Ohio St., 439, 453, 44 N. E., 95:

"An occasional hardship may accrue to one who neg-

ligently fails to ascertain the authority vested in public agencies with whom he deals. In such instances, the loss should be ascribed to its true cause, the want of vigilance on the part of the sufferer, and statutes designed to protect the public should not be annulled for his benefit.''

Having come to the conclusion stated above, that the court erred in overruling defendant's demurrer to the introduction of any evidence by plaintiff, and erred in overruling defendant's motion at the conclusion of plaintiff's case, for judgment in favor of defendant, it is not necessary to pass upon the other assignments of error.

For the reasons herein set forth, the judgment of the Common Pleas Court is reversed, and this court proceeding to render the judgment the trial court should have rendered, now enters final judgment in favor of the defendant.

*Judgment reversed.*

GUERNSEY, P. J., and JACKSON, J., concur.