KIMBRELL, APPELLEE, *v.* VILLAGE OF SEVEN MILE, APPELLANT.

(No. CA83-06-062—Decided January 17, 1984.)

*Messrs. Holbrock, Jonson, Bressler & Houser, Mr. H. J. Bressler* and *Mr. Timothy R. Evans,* for appellee.

*Mr. Jack Cornett,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County.

On August 21, 1979, plaintiff-appellee, Otis Kimbrell, filed a petition with the Butler County Board of Elections to become a write-in candidate for the office of Clerk-treasurer of the village of Seven Mile, Ohio. Kimbrell was unopposed and was elected to a four-year term as clerk-treasurer in November 1979.

On October 1, 1979, approximately one month before the election, appellee appeared before the Seven Mile Village Council. He told the council that since the filing deadline had passed and there were no other candidates for the position, he was assured of being elected clerk-treasurer in November 1979. Appellee then stated that he wished to obtain a definite commitment from the council regarding the combination of the clerk-treasurer position, which was a part-time position, and a part-time village secretarial position to form a full-time position paying approximately $8,000 annually. The possibility of combining these positions had been discussed by the Seven Mile Village Council at previous council meetings as early as May 1979.

Following appellee's remarks, the village council set a proposed salary schedule for the various positions that were to be combined. The action was recorded in the minutes of the meeting as follows: "The pay for the secretary job was discussed, $1,200 water, $6,320 secretary, also to include $1,800 clerk treas. salary should new clerk desire the job. Linter moved, Gault second, all council approved." It is not clear from the minutes of the council meeting, or from the testimony before the trial court, whether the village council, by passing the motion, intended to set a salary scale only, or intended to offer the combined position to appellee.

On December 28, 1979, Seven Mile Mayor Tom Owen and appellee exchanged letters. Mayor Owen, by his letter, purported to offer appellee the combined

clerk-treasurer/secretary position on a full-time basis. Appellee, by his letter, which was addressed to the mayor and to the village council but delivered to the mayor only, accepted the putative offer. Appellee subsequently resigned his position as police captain with the village of New Miami, Ohio, and began working full-time for the village of Seven Mile on January 3, 1980.

At the regular council meeting on January 7, 1980, the mayor requested that council confirm the additional duties of the clerk-treasurer as a secretary, but the council members tabled the matter until a special meeting January 10, 1980. In the meantime, appellee was temporarily suspended from his duties as secretary.

On January 10, 1980, council members were informed by the village solicitor that the clerk-treasurer and secretary positions were compatible, and that it was therefore legally permissible to combine the two positions as had been discussed at previous council meetings. After receiving the above information, the council voted four to one, with one abstention, not to combine the secretarial duties with the clerk-treasurer position to form a new full-time position. Appellee was immediately relieved of his secretarial duties, but he continued to perform the duties of clerk-treasurer until the end of June 1980, at which time he resigned.

After submitting his resignation, appellee filed the instant suit in the Butler County Court of Common Pleas, naming as defendants the village of Seven Mile and the four councilmen who on January 10, 1980, voted against combining the duties into a full-time position. In his complaint, Kimbrell alleged that the combined position was offered to him by the defendants at the October 1, 1979 council meeting, that he accepted the offer, and that the defendants by their vote on January 10, 1980, breached the contract, which he had relied upon to his detriment.

A trial by jury was held on May 16, 1983. Two days later, a verdict was returned against the village of Seven Mile and in favor of Otis Kimbrell in the amount of $32,000. Judgment for this amount was entered on June 13, 1983. The village of Seven Mile has timely filed this appeal from the verdict and judgment entry described above, and presents the following two assignments of error:

### First Assignment of Error

"The court erred in holding that a contract existed between the parties and that a contract between the parties could be entered into in any manner other than that prescribed by statute."

### Second Assignment of Error

"The court erred in allowing a misrepresentation of estimated damages for the alleged breach of contract."

In its first assignment of error, the village of Seven Mile asserts that no contract existed between appellee and the village because the village council's actions did not comply with the statutory formalities necessary to create the new position and adopt a salary therefor. We agree.

Unless the citizens of a municipality adopt a charter pursuant to the Ohio Constitution, the municipality automatically assumes the form of government set forth by the legislature in R.C. Title 7. *State, ex rel. Hackley,* v. *Edmonds* (1948), 150 Ohio St. 203 [37 O.O. 474]. As the village of Seven Mile has no charter, the rules and regulations contained in R.C. Title 7 are controlling in the case at bar.

R.C. 731.08 vests in the legislative authority of any municipality subject to R.C. Title 7 the power to determine, by ordinance or resolution, "the number of officers, clerks, and employees in each department of the city government," and the power to "fix, by ordinance or resolution, their respective salaries and compensation * * *." The mayor of a municipality, although the "chief conservator of peace within the city," has no direct power to hire city employees, or to deter-

mine their compensation. R.C. 733.03. Accordingly, only the Seven Mile Village Council, by properly enacted ordinance or resolution, could have created the combined clerk-treasurer/secretarial position allegedly offered to appellee and set the salary therefor.

The required procedure for the enactment of ordinances and resolutions is set forth in R.C. 731.17. Of particular interest is Paragraph (A)(2), which states that "[e]ach ordinance or resolution shall be read on three different days, provided the legislative authority may dispense with this rule by a vote of at least three-fourths of its members." Unless waived, the statutory requirement as to the reading of ordinances has been held to be mandatory; failure to comply with the reading requirement renders the ordinance invalid and unenforceable. *Costakis* v. *Yorkville* (1923), 109 Ohio St. 184; see, also, *Vinton* v. *James* (1923), 108 Ohio St. 220; *State, ex rel. Groghan,* v. *Rulon* (C.P. 1960), 84 Ohio Law Abs. 464 [14 O.O.2d 91].

The minutes of the October 1, 1979 council meeting disclosed that the council discussed the creation of the position of secretary, discussed the proposed salary, and indicated that if the clerk-treasurer desired the position, the salary as secretary would be in addition to the salary established for that office. However, there is no record of the preparation of or the adoption of an ordinance or resolution pursuant to the procedure set forth in R.C. 731.17, which reads in pertinent part as follows:

"(A) The following procedures shall apply to the passage of ordinances and resolutions of a municipal corporation:

"(1) Each ordinance and resolution shall be read by title only, provided the legislative authority may require any reading to be in full by a majority vote of its members.

"(2) Each ordinance or resolution shall be read on three different days, provided the legislative authority may dispense with this rule by a vote of at least three-fourths of its members.

"(3) The vote on the passage of each ordinance or resolution shall be taken by yeas and nays and entered upon the journal.

"(4) Each ordinance or resolution shall be passed, except as otherwise provided by law, by a vote of at least a majority of all the members of the legislative authority."

There is nothing in the minutes of council to indicate that council directed that an ordinance or resolution was to be prepared, nor has any such ordinance or resolution been introduced into evidence. Furthermore, the minutes of council fail to disclose that a majority of the members of council adopted such an ordinance or resolution, either as an emergency measure, or after three separate readings, nor does the evidence indicate that any such ordinance or resolution was posted or published as required in R.C. 731.21. Therefore, no position was created, no salary was established, and the mayor had no authority to hire anyone.

It has long been the law of Ohio that persons dealing with municipal corporations are charged with notice of all statutory limitations on the power of such corporations and their agents, and must, at their peril, ascertain whether all necessary statutory formalities have been met. See *Welch* v. *Lima* (1950), 89 Ohio App. 457 [46 O.O. 268]; *Schumacher Stone Co.* v. *Columbus Grove* (1944), 73 Ohio App. 557 [29 O.O. 187]. "Those who deal with the agents of a municipality must assume the risk that all necessary steps have been taken requisite to a legal contract." *Id.* at 563. Accordingly, appellee was not entitled to rely on the mere promise of a position, if such a promise was in fact made by the Seven Mile Village Council at the October 1, 1979 meeting. R.C. 731.17(A)(1) through (4) is designed to prevent problems such as the one presented in the case at bar by requiring municipal legislative authorities to act

knowingly and deliberately in the creation of municipal jobs and salaries. Had appellee familiarized himself with the required procedure set forth in the Revised Code, he would not have mistakenly relied on the actions of the Seven Mile Village Council.

Therefore, appellant's first assignment of error is well-taken, and is hereby sustained.

In its second assignment of error, the village of Seven Mile asserts that the trial court allowed certain damages claimed by appellee to be misrepresented to the jury. As stated in response to appellant's first assignment of error, persons dealing with municipal corporations are not entitled to rely on any action taken by a municipal legislative authority not supported by the statutory procedure set forth by R.C. Title 7. The position and corresponding salary at issue in the case *sub judice* were not properly created by the Seven Mile Village Council. Accordingly, appellee was not entitled to rely on any representations allegedly made by the council regarding the position, and he is not entitled to damages based upon such reliance. Appellant's second assignment of error is therefore moot, and we decline to respond thereto.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed.

*Judgment reversed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.