## MIAMI VALLEY CONTRACTORS, INC., Appellant,

### v.

## VILLAGE OF OAK HILL et al., Appellees.

[Cite as *Miami Valley Contrs., Inc. v. Oak Hill* (1996), 108 Ohio App.3d 745.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 95CA759.

Decided Jan. 31, 1996.

*Joseph Litvin,* for appellant.

*Isaac, Brant, Ledman & Teetor* and *Stephen G. LaForge,* for appellees.

KLINE, Judge.

This appeal arises from the Common Pleas Court of Jackson County. Defendants-appellees, village of Oak Hill and Thomas McNerlin,[1] received a bid from plaintiff-appellant, Miami Valley Contractors, Inc., for the construction of several improvements. Appellant's submitted bid failed to include a MBE/WBE Data Sheet I form as required in the bid specifications and was therefore considered nonresponsive by appellees. Appellees selected another bid which was $90 over that of appellant. Appellant charged that the bid manual was ambiguous regarding the requirement of the form. Appellant alternatively claimed that appellees should have waived the noncompliance with the bid specifications and classified the bid as responsive. The trial court rejected appellant's contentions and granted summary judgment to appellees.

Appellant raises the following assignments of error:

---

1. Thomas McNerlin, the president of the village Council of Oak Hill, was named as a party in appellant's original complaint. Appellant subsequently filed an amended complaint naming the village of Oak Hill c/o Robert W. Jones, Mayor and the village of Oak Hill c/o Thomas McNerlin. Mr. McNerlin was never dismissed as a party and was included in the final judgment entry of the trial court.

"I.   The Common Pleas Court committed prejudicial error when it found that failure to include the MBE/WBE Data Sheet I in appellant's bid rendered the bid nonresponsive.

"II.   The Common Pleas Court committed prejudicial error when it found that the Village of Oak Hill did not abuse its discretion in rejecting appellant's bid as nonresponsive.

"III.   The Common Pleas Court committed prejudicial error when the court found that the Village of Oak Hill did not commit a civil rights violation under Section 1983, Title 42, U.S.Code."

Appellees, with the assistance of Woolpert Consulting, advertised for bids for the construction of a wastewater treatment plant and sanitary sewer improvements.   The advertisements, which began on April 9, 1993, stated that potential bidders should obtain a bidding specifications manual.   Appellant acquired a manual and submitted its bid by the cutoff date of May 10, 1993.   A voluntary conference for bidders was held prior to the bid deadline, but appellant chose not to attend.

The bidding manual stated on page 00220-1 that "[a] complete Bid shall include all of the documents contained in the Bid Form, Bonds and Supplements as listed below."   Appellant's bid contained all of the documents "listed below."   Unfortunately, appellant did not review the bid manual in its entirety [2] and therefore failed to notice the additional required form regarding compliance with the Minority and Women's Business Enterprise policy.[3]   The bid manual stated on page 00825-2:

"*Note:* MBE/WBE Data Sheet I must be used for this purpose.   Data Sheet I is to be filled out by all bidders and submitted with the bid.   Failure to supply this information will cause rejection of the bid as nonresponsive."

Bidders were reminded of the MBE/WBE Data Sheet I requirement at the prebid conference that appellant did not attend.

---

**2.**  We have gleaned this information from appellees' motion for summary judgment and appellant's memorandum in opposition.   Both parties refer to the deposition of Gary Lensch, the secretary/treasurer of appellant.   However, this deposition was not filed with the trial court.   Both parties quote the deposition of Lensch as stating that Lensch did not review the entire bid manual.   Appellant has therefore admitted that it did not review the bid manual in its entirety.

**3.**  The bidding manual stated the following on page 00825-1:

"I.   In accordance with the Ohio EPA policy to award a 'fair share' of all subagreements to Minority and Women's Business Enterprises, the following 'fair share' has been established for all prime contractors for this project:

"—10% of all contracts to Minority Business Enterprises (MBEs)

"—2% of all contracts to Minority Women's Business Enterprises (WBEs)."

■ The bids were opened and reviewed on May 10, 1993 by the appellees and Woolpert Consulting. The bids were evaluated using the R.C. 731.14 "lowest and best bidder" [4] selection criteria. [5] Appellant's bid was labeled as nonresponsive due to appellant's failure to comply with the bid specifications. Although appellant was the low bidder by $90, [6] Woolpert Consulting recommended that the second lowest bidder, Dow Construction, be awarded the contract. The Oak Hill Council agreed and passed an emergency ordinance awarding the contract to Dow Construction.

Appellant initially sought injunctive relief but later amended its complaint to pursue monetary damages in lieu of an injunction. Appellant's amended complaint claimed damages for breach of contract and bidding requirements, breach of good faith and fair dealing, fraud, and a violation of Section 1983, Title 42, U.S.Code. The trial court determined on cross-motions for summary judgment that the MBE/WBE Data Sheet I was a required document under the bid specifications, that appellant did not submit the MBE/WBE Data Sheet I, that appellant's bid was nonresponsive, that appellees did not abuse their discretion in awarding the contract, and that appellees did not commit a Section 1983, Title 42, U.S.Code violation. The trial court then granted appellees' motion for summary judgment.

Civ.R. 56(C) provides as follows:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

---

**4.** "All contracts made by the legislative authority of a village * * * shall be * * * made with the lowest and best bidder * * *." R.C. 731.14.

**5.** Appellees were required to comply with R.C. 731.14 notwithstanding the bid manual statement that the "lowest responsible bidder" would be selected. Appellant was charged with notice of all statutory limitations on the power of appellees. *Kimbrell v. Seven Mile* (1984), 13 Ohio App.3d 443, 445, 13 OBR 532, 534–535, 469 N.E.2d 954, 957–958. Additionally, appellant did not contest the lowest and best bidder selection criteria in its memorandum opposing appellees' motion for summary judgment.

**6.** Appellant's bid was for $1,678,917 while the second lowest bid was for $1,679,007. The Engineer for Oak Hill had estimated the cost at $1,700,000.

Summary judgment is therefore appropriate when the following factors have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. See *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74–75, 375 N.E.2d 46, 47–48; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411, 599 N.E.2d 786, 787–788. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." *Id.* at 411–412, 599 N.E.2d at 788. See, also, *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 809, 619 N.E.2d 10, 11–12.

The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * * He must present evidentiary materials showing that a material issue of fact does exist." *Morehead v. Conley,* 75 Ohio App.3d at 413, 599 N.E.2d at 789. "A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099 (citing *Celotex Corp. v. Catrett* [1986], 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273–274, and *Mitseff*).

Appellant's first two assignments of error disagree with the trial court's determination that appellant's bid was nonresponsive. Appellant argues in its first assignment of error that a genuine issue of material fact exists concerning whether the MBE/WBE Data Sheet I was required. Appellant claims that the bid manual pages 00220–1 and 00825–2 are incongruous and create an ambiguity pertaining to the requirement of the MBE/WBE Data Sheet I. However, we can find no language in the bid manual near page 00220–1 which states "read no further" or even remotely suggests that the remainder of the bid manual was unimportant. Appellant's failure to comply with the bid specifications was due to appellant's own negligence in failing to read the bidding manual. The bid manual was not ambiguous and required the MBE/WBE Data Sheet I. Appellant did not comply with the bid specifications, and its bid is therefore nonresponsive. Appellant's first assignment of error is overruled.

Appellant's second assignment of error claims that appellees abused their discretion in not waiving the deficiencies in appellant's bid. Appellant correctly notes that a public agency may waive a bid deficiency and classify a bid as responsive. *Kokosing Constr. Co. v. Dixon* (1991), 72 Ohio App.3d 320, 328, 594 N.E.2d 675, 679–680; *J.R. Mason, Inc. v. S. Bloomfield* (Apr. 4, 1995), Pickaway App. No. 94CA13, unreported, 1995 WL 149100. The deficiency may only be waived if the deficiency is minor and the bidder receives no competitive advantage by this deficiency. *Kokosing Constr. Co. v. Dixon, supra; J.R. Mason, Inc. v. S. Bloomfield, supra.* Appellant's omission of the MBE/WBE Data Sheet I was a minor deficiency and would not have given appellant a competitive advantage. Appellant therefore claims that its bid should have been classified as responsive.

Once it was established that appellant's bid deficiency could have been waived, appellees had to decide if the deficiency should have been waived. In resolving whether they should waive the bid deficiency, appellees had to determine whether appellant was the lowest and best bidder. Why else should appellees waive the omission of the MBE/WBE Data Sheet I unless appellees would have selected appellant as the lowest and best bidder? To proceed otherwise would give appellant nothing more than fool's gold: appellant's bid would be classified as responsive while another bidder would have the contract.

A public agency is given wide discretion within which to determine the lowest and best bidder. *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 21, 552 N.E.2d 202, 204–205. We will not interfere with the public agency's decision absent an abuse of discretion by the public agency. *Id.* An abuse of discretion connotes more than an error of judgment; it connotes an unreasonable, unconscionable, or arbitrary decision. *Id.* at 22, 552 N.E.2d at 205–206.

We agree with the trial court that appellees did not abuse their discretion in awarding the contract to the second lowest bidder. Appellant's bid was $90 lower than Dow Construction's bid, but this amount is minuscule on a project totalling nearly $1,700,000. Moreover, it is clear that appellant failed to follow the bid specifications. The $90 difference and the omission of the required form were sufficient grounds for appellees to have selected Dow Construction over appellant.[7] While we are wary of elevating form over substance, we will not blind ourselves to reality. Failure to comply with stated rules undoubtedly reflects poorly on one's competence and ability to perform. Appellant may well be an excellent builder, but appellant's inattention to detail casts doubt on its qualifica-

---

7. We express no opinion on whether a failure to comply with bid specifications may be a factor in a "lowest responsible bidder" determination when a bid deficiency could be waived.

tions. We therefore cannot say that appellees' decision is unreasonable. Appellant's second assignment of error is overruled.

Appellant's third assignment of error claims that the trial court committed prejudicial error when it found that appellees did not commit a violation of Section 1983, Title 42, U.S.Code. Appellant asserts that a genuine issue of material fact exists concerning whether appellant has a constitutionally protected property right. We agree with the trial court. Appellant's bid was not the lowest and best bid. We can find no support for the proposition that a second- or third-place finisher in a lowest and best bidder determination acquires a constitutionally protected property right. Therefore appellant cannot assert a Section 1983 claim and summary judgment was appropriate. Appellant's third assignment of error is overruled.

Due to our disposition of this matter, we need not address appellees' assignment of error.[8] R.C. 2505.22. We express no opinion on whether an aggrieved bidder may maintain a breach of contract or tort action against a public agency.

Appellant's three assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PETER B. ABELE, P.J., concurs.

HARSHA, J., concurs in judgment only.

---

**8.** Appellee asserted the following assignment of error:
   "The trial court erred in failing to affirm summary judgment in favor of appellees on the basis that appellant lacks standing to bring this private cause of action."