DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a judgment issued by the Ottawa County Court of Common Pleas, dismissing a land developer's damages complaint for failure to state a claim upon which relief may be granted.
Appellant, Kenneth I. Cleveland, is the developer of a residential subdivision called "Lighthouse Bluffs," which is located outside the village limits of appellee, village of Marblehead. Appellee operates a municipal water system.
Appellant alleges in his complaint that at some point appellee "communicated" that it was willing to provide water to residents outside the village limits. In reliance on this presentment, appellant claims that he installed in Lighthouse Bluff mechanical fixtures meeting appellee's specifications and which were ultimately approved by appellee's agencies. However, in 1994 Ottawa County sued appellee in an effort to enjoin appellee from selling water to certain areas outside its border, including Lighthouse Bluffs.
On November 14, 1997, appellant instituted this litigation naming both appellee and the Ottawa County Commissioners as defendants. In his first count, appellant sought a declaration ordering either appellee or Ottawa County to provide water to Lighthouse Bluffs. In count two of his complaint, appellant requested damages, "* * * by reason of the detriment suffered * * * in reliance upon representation of [appellee] that it was ready willing and able to provide water * * *."
During the pendency of this matter, Ottawa County chose to provide water to Lighthouse Bluffs. As a result, appellant dismissed Ottawa County from the suit and the court dismissed count one of appellant's complaint as moot. With respect to the second count of the complaint, appellee moved for and was granted dismissal pursuant to Civ.R. 12(B)(6).
From this judgment, appellant now brings this appeal, asserting in two assignments of error that count two should not have been dismissed because 1) it set forth facts establishing a claim for equitable estoppel and 2) the allegations presented state a negligence claim for which municipal immunity does not apply.
A motion to dismiss a complaint for failure to state a claim, pursuant to Civ.R. 12(B)(6), may be granted only if it appears beyond a doubt that a plaintiff can prove no set of facts which would warrant relief.O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242, Syllabus. In determining such a motion, courts are limited to the four corners of the complaint. Outside evidentiary materials may not be considered. Thompson v. Central Ohio Cellular, Inc. (1994),93 Ohio App.3d 530, 538. Moreover, the complaint must be construed in favor of the non-moving party and all material allegations contained in the complaint must be deemed true and admitted for purposes of the rule.State, ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80. Because the decision to grant a Civ.R. 12(B)(6) motion is wholly a matter of law, appellate review of the decision is essentially de novo, with the reviewing court applying the same standard as the trial court. Garofalov. Chicago Title Ins. Co. (1995), 104 Ohio App.3d 95, 104.
 I. EQUITABLE ESTOPPEL CLAIM
In his first assignment of error, appellant insists that his complaint should not have been dismissed because it stated a valid "Equitable Estoppel Claim." This assertion is without merit.
"Equitable Estoppel" is not an independent cause of action, but rather is a device by which courts bind parties to presentments made upon which an opposing party relies to his or her determent for the formation of a contract. 2 Williston on Contract 749 (1991); First Federal Savings andLoan v. Perry's Landing (1983), 11 Ohio App.3d 135, 145. Generally, however,
 "* * * a party cannot be estopped to deny the formation of a contract which would be invalid as against public policy or in violation of statute, nor may the government traditionally be estopped in most cases when acting in its capacity as sovereign." 2 Williston at 750-751.
This is the rationale behind the Ohio rule that municipalities may not be bound to a contract unless the agreement is formally entered into.Cuyahoga Falls v. Ashcraft (Dec. 26, 1991), Summit App. No. 15129, unreported, citing Wellston v. Morgan(1901), 65 Ohio St. 219, paragraph 3 of the syllabus.
Because implied or quasi contracts, by definition, do not meet the requisite formalities to form a binding agreement with a municipality, the municipality may not be held liable under those theories of recovery, City of Seven Hills v. Cleveland (1988), 47 Ohio App.3d 159,164, and those who deal with municipalities are presumed to have notice of this. Id. citing Kimbrell v. Seven Mile (1984), 13 Ohio App.3d 443,445, and McCloud Geigle v. Columbus (1896) 54 Ohio St. 439, 453.
In this matter, construing appellant's complaint most favorably to him, we can only conclude that any contract claim stated therein is an implied contract. Accordingly, the trial court was correct in concluding that the complaint failed to state a claim for which relief may be granted in contract. Appellant's first assignment of error is not well-taken.
 II. TORT CLAIM
In his second assignment of error, appellant complains that the trial court erred when it determined that appellant failed to state a negligence claim. Such a claim did appear in the complaint, according to appellant, and is a recognized exception to the statutory governmental tort immunity conferred in R.C. 2944.01 et seq.
In our view, appellant has stated a claim of negligent misrepresentation. A cause in negligent misrepresentation is stated when it is alleged that a defendant 1) failed to exercise reasonable care or competence in obtaining or communicating information; 2) in a transaction in which he or she has a financial interest; and 3) supplied false information for the guidance of others in their business transactions; 4) upon which the others justifiably relied; 5) and thereby suffered damage.Delman v. City of Cleveland Heights (1989), 41 Ohio St.3d 1, 4.
In his complaint, appellant asserted that an agent or agents of appellee announced that it intended to extend water lines into the area in which appellant wished to develop. Whether this announcement was made publicly or directed specifically toward appellant, it is reasonable to infer for the purpose of reviewing the complaint that appellee's agents knew that others would rely upon this information in business transactions. Appellant insists that he justifiably relied on this information at a certain cost and was damaged when the information proved to be false. Accordingly, for purposes of a Civ.R. 12(B)(6) motion to dismiss, appellant has stated a claim of negligent misrepresentation.
The next question is whether statutory governmental immunity intervenes to deny relief to appellant in this instance. As we noted in Siebenalerv. Village of Montpelier (1996), 113 Ohio St.3d 120, 123:
 "R.C. Chapter 2744 divides the activities of government into two categories: governmental functions and proprietary functions. Governmental functions are those activities which promote or preserve, '* * * the public peace, health, safety, or welfare; that involve
activities that are not engaged in or not customarily engaged in by nongovernmental persons * * *.' R.C. 2744.01(C)(1)(c). Propriety functions are those, '* * * activities that are customarily engaged in by nongovernmental persons.' R.C. 2744.01(G)(1)(b). R.C. 2744.01 provides a non-exclusive list of activities specifically deemed to be within the purview of each function. This Chapter further provides that political subdivisions are immune from tort liability but '* * * are liable for injury, death or loss to persons or property caused by the negligent performance of act by their employees with respect to proprietary functions of the political subdivisions.' R.C. 2744.02(B)(2)."
R.C. 2744.01(G)(2)(c) designates the establishment, maintenance and operation of a municipal corporate water supply system as a "proprietary function." Consequently, appellant's complaint does state a claim of negligent misrepresentation and statutory governmental immunity, at least for Civ.R. 12(B)(6) purposes,[1] is not available because the alleged tort arises out of a proprietary function. Accordingly, appellant's second assignment of error is well-taken.
On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee.
Peter M. Handwork, J., Melvin L. Resnick, J. CONCUR.
 ____________________________ James R. Sherck, J.
JUDGE
[1] It is not clear on the face of the complaint that a R.C. 2744.03(A) defense or immunity is available; therefore, these specific defenses may not be pled by way of a Civ.R. 12(B)(6) motion. Spence v. Liberty Twp.Trustees (1996), 109 Ohio App.3d 357, 362.