VILLAGE OF WILLIAMSBURG, Appellee,

v.

MILTON et al., Appellants.

[Cite as *Williamsburg v. Milton* (1993), 85 Ohio App.3d 215.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–04–048.

Decided Jan. 25, 1993.

*Dexter K. Bastin,* for appellee.

*T. David Burgess,* for appellants.

WALSH, Judge.

Defendants-appellants, Hubert D. Milton, Jr. and Lola D. Milton, appeal from a decision of the Clermont County Court of Common Pleas granting injunctive relief in favor of plaintiff-appellee, the village of Williamsburg. We affirm the court's decision ordering appellants to remove two mobile homes from their property.

Appellants own real estate located at 270 South Third Street, Williamsburg, Ohio. For many years, there have been two mobile homes and one building on this property. On September 7, 1989, appellants applied for a zoning permit to replace the existing mobile homes with two larger ones and to construct an addition to the existing building. On September 15, 1989, the Williamsburg Zoning Administrator granted the requested permit. After receiving the permit, appellants incurred expenses in performing various tasks on the property, including reinstalling water and sewer lines and replacing the mobile homes. On November 10, 1989, the Williamsburg Zoning Administrator revoked the permit

for the reason that he lacked the authority to issue it and that therefore it was invalid.

On October 5, 1990, the village filed a complaint for an injunction, requesting the court to find that the issued zoning permit was void and to order the removal of the mobile homes from the property. Appellants filed an answer and counterclaim on January 2, 1991. In their answer, appellants claim that the zoning ordinance is unconstitutional and that the village is estopped from denying the validity of the permit, since appellants had acted in reliance upon it. In their counterclaim, appellants allege that they had spent approximately $15,000 in reliance upon the permit and that the village's action constitutes a taking without due process of law and without just compensation. Appellants requested that the court dismiss the complaint, declare the zoning ordinance unconstitutional as applied to them, and award them judgment upon their counterclaim.

In an entry filed November 19, 1991, the trial court found that appellants did not possess a valid zoning permit. A trial was held, and in an entry filed on April 1, 1992, the court concluded that the Williamsburg Zoning Ordinance was constitutional and ordered appellants to remove all existing mobile homes from their property.

Appellants now appeal to this court, raising two assignments of error. In their first assignment of error, appellants contend that the trial court erred in finding the zoning ordinance to be constitutional. According to appellants, the pertinent provision of the zoning ordinance does not comply with R.C. 713.15 and therefore is unconstitutional.

Pursuant to R.C. 713.15, "[t]he lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the time of enacting a zoning ordinance or an amendment to the ordinance, may be continued, although such use does not conform with the provisions of such ordinance or amendment * * *. The legislative authority of a municipal corporation shall provide in any zoning ordinance for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses upon such reasonable terms as are set forth in the zoning ordinance."

Appellants argue that the zoning ordinance fails to provide "for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses." R.C. 713.15.

The parties stipulated that when the zoning ordinance was passed in 1968, there were two mobile homes on the property at issue and that this use of the

property was a nonconforming use.[1]  Section 3, Article III of the Williamsburg Zoning Ordinance, entitled "Continuance of Non–Conforming Uses," provides:

"Any use of land or structure existing at the time of enactment or subsequent amendments of this Ordinance, but not in conformity with its provisions, may be continued with the following limitations:

"(1) No structure containing a non-conforming use shall hereafter be expanded unless approved by the Board of Zoning Appeals.  Before granting such approval, the Board shall determine that the proposed expansion will not result in greater detriment to surrounding properties.  In no case shall expansion be approved beyond the property limits existing at the time of adoption of this Ordinance.

"(2) No non-conforming use may be changed to any other non-conforming use unless the Board of Zoning Appeals finds that the proposed non-conforming use is less detrimental to the district than the existing non-conforming use of the property.

"(3) Any non-conforming land use which has been damaged to the extent of seventy-five (75) per cent of its assessed value, exclusive of foundations, shall not be repaired or reconstructed except in conformity with the provisions of this Ordinance."

The trial court found, and we agree, that Williamsburg Zoning Ordinance, Section 3(1), Article III, concerning the expansion of nonconforming uses, applies to this case.  Appellants suggest that this provision is unconstitutional because it provides no guidelines for determining when an expansion of a nonconforming use is permissible.  As the Supreme Court of Ohio has explained,

"it is not possible for the legislature to design a rule to fit every potential circumstance.  As such, legislation may be general in nature, and discretion may be given to an administrative body to make subordinate rules, as well as to ascertain the facts to which the legislative policy applies.  * * * In order to be valid, however, the legislative enactment must set forth sufficient criteria to guide the administrative body in the exercise of its discretion."  (Citations omitted.)  *Hudson v. Albrecht, Inc.* (1984), 9 Ohio St.3d 69, 73–74, 9 OBR 273, 277, 458 N.E.2d 852, 857.

■  We find that Section 3(1) sets forth sufficient criteria to guide the board of zoning appeals in the exercise of its discretion regarding the expansion of a nonconforming use.  Specifically, before approving an expansion of a nonconform-

---

1.  "Mobile homes placed on individual lots for residential or dwelling purposes * * * are not permitted in any of the zoning districts * * *" in the village of Williamsburg.  Williamsburg Zoning Ordinance, Section 4(6), Article III.

ing use, "the Board shall determine that the proposed expansion will not result in greater detriment to surrounding properties. In no case shall expansion be approved beyond the property limits * * *." Williamsburg Zoning Ordinance, Section 3(1), Article III. Moreover, we believe this standard also satisfies the requirement of R.C. 713.15 that the zoning ordinance provide "for the * * * extension * * * of nonconforming uses." Therefore, we agree with the trial court's determination that the ordinance is constitutional and we overrule appellants' first assignment of error.

█ In their second assignment of error, appellants argue that the trial court erred in finding that the permit issued to appellants on September 15, 1989 was invalid. Appellants claim that because they relied upon the permit in good faith and acted upon it, incurring expenses to improve the property, the village is estopped from denying the permit's validity. This argument lacks merit.

Pursuant to Section 1, Article VIII, of the Williamsburg Zoning Ordinance, the Zoning Administrator "shall in no case issue any zoning certificate for any building or structure or for any use of land unless such building or structure or use is in compliance with this ordinance." Additionally, Section 3(1), Article III provides that "[n]o structure containing a non-conforming use shall hereafter be expanded unless approved by the Board of Zoning Appeals." As previously stated, the parties stipulated that the presence of mobile homes on appellants' property was a nonconforming use, that is, a use not in compliance with the ordinance, and the permit was requested in order to continue and expand that nonconforming use by replacing the mobile homes with larger ones. Therefore, under the quoted provisions of the Williamsburg Zoning Ordinance, the Zoning Administrator lacked authority to issue the permit, and appellants needed the Board of Zoning Appeals' approval to secure a permit for the continuance of the nonconforming use. Thus, we find that the trial court correctly determined that the permit was invalid.

█ As this court has previously explained, "persons dealing with municipal corporations are charged with notice of all statutory limitations on the power of such corporations and their agents, and must, at their peril, ascertain whether all necessary statutory formalities have been met." *Kimbrell v. Seven Mile* (1984), 13 Ohio App.3d 443, 445, 13 OBR 532, 535, 469 N.E.2d 954, 957. See, also, *Hunter v. Cleveland* (1988), 56 Ohio App.3d 33, 36, 564 N.E.2d 718, 721. Accordingly, such persons are not entitled to rely upon actions of municipal corporations or their agents when pertinent statutory requirements are not met. *Id.* Because appellants are charged with notice of the statutory limitations on the Zoning Administrator's authority and of the proper procedure for obtaining the requested permit. Appellants were not entitled to rely upon the invalid permit erroneously issued by the Zoning Administrator. Therefore, appellant's

estoppel argument fails, and we find no merit to appellants' second assignment of error.

Having determined that appellants' two assignments of error lack merit, we affirm the trial court's decision ordering the removal of the mobile homes from appellants' property.

*Judgment affirmed.*

WILLIAM W. YOUNG, J., concurs.

JONES, P.J., dissents without opinion.