OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to Appellate Rule 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
This is a consolidated appeal from the judgments entered by the Allen County Court of Common Pleas on May 5, 2000.[1] The plaintiff-appellant, Root Outdoor Advertising, Inc. ("the appellant"), appeals the judgments of the Allen County Court of Common Pleas affirming the decisions of the defendant-appellee, Bath Township Board of Zoning Appeals. For the following reasons, we affirm the judgments of the trial court.
The facts and procedural history of the case are as follows. In July and August 1998, the appellant petitioned the Bath Township Zoning Inspector for certificates of zoning compliance to erect two billboards in Bath Township, Ohio. In August and September 1998, the applications were approved. Within a year of receiving the zoning certificates, the appellant commenced construction of the billboards.[2] Prior to completing the billboards, a successor zoning inspector issued two cease and desist orders against the appellant on the basis that the signs, as constructed, were in violation of the Bath Township regulations governing billboards. The orders directed the appellant to cease any further construction of the billboards.[3]
Following the cease and desist orders, the appellant appealed to the Bath Township Board of Zoning Appeals. At that time, the appellant applied for variances for the billboards.
The Board of Zoning Appeals denied the appellant's appeals and requests for variance. The appellant filed administrative appeals to the Allen County Court of Common Pleas, which affirmed the decisions of the Board of Zoning Appeals.
The appellant now appeals, asserting the following single assignment of error.
 Assignment of Error The common pleas court erred as a matter of law in overruling appellants' appeal based upon appellants' claim that the action of the Bath Township zoning inspector in granting appellants a permit to construct a billboard sign, estopped the township from directing the removal of the sign and/or denying appellants a variance.
 In his sole assignment of error, the appellant maintains the trial court erred in denying its appeals and requests for variance. For the following reasons, we affirm the judgments of the trial court.
Ohio Revised Code 2506.04, which governs this appeal in both the court of common pleas and in this Court, provides, in pertinent part as follows:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.
 See, also, Berry v. Liberty Township Board of Zoning Appeals
(Dec. 28, 1993), Logan App. No. 8-93-16, unreported.
Article 22.1(3) of the Bath Township Zoning Resolution pertains to freestanding signs, such as billboards. Article 22.1(3) places the following restrictions on the construction of such signs:
 Free Standing signs not over 25 feet in height, having a maximum total sign area of 100 square feet per side and conforming to all set back requirements for the district in which they are erected shall be permitted.
 The law is settled that a building permit or zoning certificate cannot legalize beyond the zoning ordinance. A permit or zoning certificate which does so is a nullity and authorizes nothing. Pothast v. Board of Zoning Appeals (Mar. 7, 1994), Van Wert App. No. 15-93-9, unreported; 12701 Shaker Blvd. Co. v. Cleveland (1972), 31 Ohio App.2d 199.
In the case herein, it is undisputed that the billboards do not comply with the height, size, and set-back requirements set forth in Article 22.1(3).[4] The parties also do not dispute that the zoning inspector issued the zoning certificates in direct contravention of the provisions set forth in Article 22.1(3). Therefore, the zoning certificates were void as a matter of law.
Nonetheless, the appellant maintains the township is estopped from enforcing the zoning regulations because it had relied upon the zoning certificates issued by the former zoning inspector. Equitable estoppel prevents relief when one party induces another to believe that certain facts exist and the other party changes his position in reasonable reliance on those facts. Chubb v. OhioBur. of Workers' Comp. (1998), 81 Ohio St.3d 275, 279.
The appellant, as the party raising this affirmative defense, had the burden of demonstrating its applicability. See Civ.R. 8(C); MatchMaker Internatl., Inc. v. Long (1995), 100 Ohio App.3d 406,408. Determinations concerning the specific elements of estoppel are questions of fact. Teamster's Local 348 Health Welfare Fund v. Kohn Beverage Co. (C.A.6, 1984), 749 F.2d 315,319. Whether facts proven are legally sufficient to constitute an estoppel is a question of law. Id.
In this case, the appellant failed to set forth sufficient facts to demonstrate the applicability of equitable estoppel. The appellant could assert the defense of equitable estoppel against the township only if the prior zoning inspector had acted within his authority and the act had actually induced reliance. SeeFranklin Township v. Meadows (Dec. 16, 1998), Summit App. Nos. 18751 and 18683, unreported.
Article 27.2 of the township regulations specifically states, in pertinent part, that "[n]o permit for * * * construction * * * shall be issued by the Zoning Inspector unless the plans, specifications and the intended use conforms to the provisions of this Resolution." Because the zoning certificates did not conform to the township regulations, the zoning inspector was not acting within the scope of his authority and had no legal authority to grant the certificates to the appellant. Furthermore, the appellant assumed the risk that the former zoning inspector was wrong. For all of the foregoing reasons, we find the appellant has failed to demonstrate the applicability of equitable estoppel to the case herein.[5]
For all of the foregoing reasons, we find no merit to the appellant's argument. Accordingly, the appellant's sole assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the Allen County Court of Common Pleas.
WALTERS and BRYANT, JJ., concur.
[1] Neither party made a formal motion to consolidate Case Nos.1-2000-38 and Case No. 1-2000-39 on appeal. Nonetheless, forpurposes of consideration, we consolidate them sua sponte pursuantto Appellate Rule 3(B), which provides, in pertinent part, that"[a]ppeals may be consolidated by order of the court of appealsupon its own motion * * *."
[2] Subsequent to receiving the zoning certificates, Bath Townshippassed a resolution requiring construction to commence within sixmonths of the issuance date of a certificate or the certificatewould be void.
[3] The appellant maintains that removal of the signs will costapproximately $10,000, and that the signs had been erected at acost of $16,000.
[4] We note that the district's set-back back requirement forbillboards is thirty-five feet.
[5]We also note that, generally, the doctrine of equitableestoppel does not apply to prevent local governments fromenforcing a zoning regulation. See Ghindia v. Monus (June 14,1996), Trumbull App. No. 95-T-5326, unreported; Halluer v. Emigh(1992), 81 Ohio App.3d 312; Oakwood v. Clark Oil Refining Corp.(1986), 33 Ohio App.3d 180. This rule has been consistentlyapplied where there was alleged to be detrimental reliance uponthe representations or official acts of governmental agents.Williamsburg v. Milton (1993), 85 Ohio App.3d 215.