OPINION
{¶ 1} This is an appeal from the March 19, 2004 judgment entry of the Lake County Court of Common Pleas, granting summary judgment in favor of appellee, city of Painesville. The following facts are relevant to a determination of this appeal.
 {¶ 2} Appellant, Constance Protzman, alleges that prior to October 1996, she had numerous discussions with Robert Leonard ("Leonard") and Edward Cox ("Cox"), Chief Building Official for appellee, regarding the purchase of Leonard's residence and the transformation into an adult day care facility on the premises. According to appellant, they all agreed that her plan, which included subsequent expansion of the facility, was a good idea.
 {¶ 3} In October 1996, appellant purchased Leonard's residence and several adjoining lots. She immediately began the process of incorporating her adult day care facility under the name, Paradise Garden Adult Care ("Paradise Garden").
 {¶ 4} Appellant claims that she had frequent conversations with Cox relative to the expansion of Paradise Garden and that, not only did he like the idea, he went as far as drafting a lot plan for the expansion. She further alleges that Cox told her that appellee would approve such an expansion. Based upon these representations, in July 1999, appellant secured a second mortgage for the expansion of Paradise Garden.
 {¶ 5} On July 27, 1999, appellant made a written request to the Painesville City Building Department for an expansion of Paradise Garden. On July 28, 1999, Cox, on behalf of the Painesville City Building Department, sent a letter to appellant denying her request based upon the fact that Painesville Ordinances 1127.04 and 1127.05 did not permit Adult Group Homes in R-1 districts.
 {¶ 6} No appeal was taken to the Board of Zoning Appeals or to the common pleas court, nor did appellant seek a variance. Instead, on February 17, 2000, appellant filed a complaint in federal court alleging civil rights violations, violations of the Fair Housing Act, and a state claim grounded in equitable estoppel. On August 15, 2000, appellant voluntarily dismissed her complaint.
 {¶ 7} On November 21, 2000, appellant refiled her complaint in federal court. On June 8, 2001, the court dismissed appellant's case without prejudice for failure to effect service of process pursuant to Fed. Civ.R. 4(m).
 {¶ 8} On February 7, 2002, appellant filed her complaint in this case in the Court of Common Pleas of Lake County. In that complaint, appellant alleged that appellee's actions "caused her monetary damages based upon the doctrines of detrimental reliance and equitable or promissory estoppel." On January 30, 2003, appellee filed a motion for summary judgment. On March 19, 2004, the trial court granted appellee's motion for summary judgment. The trial court concluded that appellant could not prevail under the theories of equitable estoppel, promissory estoppel or detrimental reliance and, furthermore, that appellee was immune under the doctrine of governmental immunity.
 {¶ 9} Appellant timely filed a notice of appeal and has now set forth the following assignment of error:
 {¶ 10} "The trial court erred by granting appellee's motion for summary judgment."
 {¶ 11} In her sole assignment of error, appellant asserts that summary judgment was inappropriate in this case.
 {¶ 12} In order for summary judgment to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 13} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, that: "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact on a material element of the nonmovingparty's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 14} If the moving party satisfies this burden, then the nonmoving party has the burden, pursuant to Civ.R. 56(E), to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 15} Appellant does not contest the fact that an adult group home is not a permitted use in an R-1 single family district. Furthermore, she did not administratively appeal the denial of her request to the Board of Zoning Appeals. Thus, appellant's claim is based solely on her arguments that the trial court wrongfully denied her promissory and equitable estoppel arguments.
 {¶ 16} Regarding appellant's contention that the trial court erred in rejecting her promissory estoppel argument, it is well established that "estoppel will not lie against a political subdivision based on acts of an employee who had no legal authority to act." Scott v. Bazetta Twp.Bd. of Trustees, (Oct. 31, 1997), 11th Dist. No. 96-T-5571, 1997 Ohio App. LEXIS 4848, at 12, citing West v. Bentleyville (1987),42 Ohio App.3d 95, 96.
 {¶ 17} In the present case, assuming that Cox actually made favorable statements and promises to appellant regarding the expansion of Paradise Garden, it is clear that he had no legal authority to do so given the fact that an adult group home was a prohibited use for the property as it is currently zoned. In other words, appellant is claiming that Cox made promises to issue a building permit for what is clearly an impermissible use. These promises were obviously not authorized by the Painesville zoning ordinances.
 {¶ 18} Estoppel applies when a municipality makes a representation, which is within its power to make, and which induces reliance. Pilot OilCorp. v. Ohio Dept. of Transp. (1995), 102 Ohio App.3d 278, 283, citing Cleveland v. Cleveland Elec. Illuminating Co. (N.D. Ohio 1976),440 F. Supp. 193.
 {¶ 19} It is clear that Cox was exceeding his authority by promising that an expansion would be approved when the local zoning ordinances prohibited it, and when the applicant had not yet filed the application. Under Ohio case law, appellee cannot be held liable based upon any theory of estoppel under these circumstances.
 {¶ 20} Furthermore, as stated in Kimbrell v. Seven Mile (1984),13 Ohio App.3d 443, at 445, "persons dealing with municipal corporations are charged with notice of all statutory limitations on the power of such corporations and their agents, and must, at their peril, ascertain whether all necessary statutory formalities have been met." See, also, Williamsburg v. Milton (1993), 85 Ohio App.3d 215, 219.
 {¶ 21} Based upon the foregoing analysis, the trial court properly rejected appellant's promissory estoppel argument.
 {¶ 22} Turning to appellant's claim that she should be entitled to recover under a theory of equitable estoppel, it is well established that equitable estoppel precludes a party from asserting rights where the party has, by his own conduct, induced another to change their position to their detriment in good faith reliance on the other party's conduct.State ex rel. Cities Service Oil Co. v. Orteca (1980), 63 Ohio St.2d 295,299, citing London Lancashire Indemn. Co. v. Fairbanks Steam ShovelCo. (1925), 112 Ohio St. 136, 152.
 {¶ 23} However, it is generally the rule that the doctrine of equitable estoppel is not applicable against a state agency with regard to its governmental functions. Brown v. Ohio State Racing Comm., (June 27, 1997), 11th Dist. No. 96-G-1998, 1997 WL 402383, at 2, citing OhioState Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143, 145-146. The act of issuing or refusing to issue a building permit constitutes a governmental function. Brewer v. Butler Cty. Bldg. Zoning Dept.
(2001), 142 Ohio App.3d 567, 574. While this case does not involve a state agency, by analogy, the same logic applies to a local political agency or subdivision such as a municipal zoning board.
 {¶ 24} Accordingly, appellee's refusal to issue a permit to appellant was a legitimate governmental function and, therefore, protected from a claim based upon equitable estoppel.
 {¶ 25} Finally, appellant argues that the trial court improperly granted summary judgment in favor of appellee on the basis of political subdivision immunity.
 {¶ 26} The trial court held that R.C. 2744.02(A)(1) confers immunity if an agency engages in a governmental function and, further, that the issuance or non-issuance of a building permit is a governmental function.
 {¶ 27} Appellant contends that R.C. 2744.02 is only applicable to tort cases and not complaints in equity. Appellant's argument is based on the fact that Chapter 2744 is entitled, "Political Subdivision Tort Liability."
 {¶ 28} While there is some logic to appellant's argument, other appellate courts in Ohio have specifically held that R.C. 2744 is applicable to cases involving building permits. See, Helfrich v.Pataskala, 5th Dist. No. 02 CA 38, 2003-Ohio-847, ¶ 26-27; C.V. PerryCo. v. West Jefferson, 10th Dist. No. 93APE12-1640, 1994 WL 530309;Nagorski v. Valley View (1993), 87 Ohio App.3d 605, 609.
 {¶ 29} Based upon these cases, it is this court's position that R.C. 2744 is applicable to the present case involving the denial of a building permit. Accordingly, political subdivision immunity acts as a bar to appellant's claim against appellee. None of the exceptions to political subdivision immunity are applicable in this case.
 {¶ 30} We note that appellant makes the argument in her brief that her claim should not be prohibited due to her failure to exhaust her administrative remedies. From a review of the trial court's judgment, it is clear that the court did not hold this against appellant in granting summary judgment in favor of appellee. Therefore, this court will not address this issue.
 {¶ 31} Based upon the foregoing analysis, the trial court did not err in granting summary judgment in favor of appellee. Appellant's sole assignment of error is without merit.
 {¶ 32} The judgment of the trial court is hereby affirmed.
O'Neill, J., O'Toole, J., concur.