{¶ 30} I respectfully dissent. I disagree with the majority's contention that detrimental reliance is applicable here.
 {¶ 31} With respect to Winfield's appeal in Winfield Constr., Inc. v.Painesville, 11th Dist. No. 2004-L-051, 2005-Ohio-3085, at ¶ 24, this court stated that:
 {¶ 32} "* * * even if Winfield could prove the injury based on his reliance on the representations of the city engineer, or other city officials occurred on in a government facility, he failed to prove that his reliance was reasonable. `It has long been the law of Ohio that persons dealing with municipal corporations are charged with notice of all statutory limitations on the power of such corporations and their agents, and must, at their peril, ascertain whether all necessary statutory formalities have been met.['] Kimbrell v. Seven Mile (1984),13 Ohio App.3d 443, 445[.] ([C]itations omitted[.]) `Such persons are not entitled to rely on actions of municipal corporations or their agentswhen the pertinent statutory requirements are not met. Williamsburg v.Milton (1993), 85 Ohio App.3d 215, 219 * * *.['] In the instant case, Painesville Municipal Ordinance 1111.02 provides that `[a]n application for approval for the final plat shall be submitted (* * *) to the Planning Commission.' Thus, Winfield is charged with notice that neither the city engineer nor the planning director has ultimate authority to determine whether development plans meet local zoning requirements."
 {¶ 33} In the case sub judice, however, the majority alleges that Winfield reasonably relied to his detriment on material and erroneous statements by city officials who told him prior to his purchase that the variance at issue was not required. Here, Winfield contends that he was informed for the first time in July 2001, by the Planning Commission, that the proposed development did not comply with Painesville's planning and zoning ordinances because the second parking space did not sit twenty-five feet back from the pavement of the private drive. The majority agrees with the trial court that "[t]he preponderance of the evidence established that the owner bought the property without knowing that the front setback requirements would prevent the driveway from being designated as the second required parking space[,]" and that substantial justice would be done by granting the ordinance. Also, the majority agrees with the trial court that "the denial of the requested variance in the setback requirement unreasonably deprived the owner of a permitted use of the property" and "[i]t would be unreasonable and inequitable * * * if the owner were forced to suffer a financial loss on his investment under [these] circumstances." I disagree.
 {¶ 34} An individual is not deprived of the beneficial use of his or her property if he or she were prevented only from using his or her property in a manner that would provide him or her with the greatestpossible benefit. Duncan v. Middlefield (1986), 23 Ohio St.3d 83, 88.
 {¶ 35} In addition, in Winfield's appeal, Case No. 2004-L-051, this court affirmed the trial court's February 29, 2003 granting of Painesville's motion for summary judgment. We agreed with the trial court that Winfield's reliance on any alleged misrepresentation of any city official was unjustified, since under the law, Winfield was charged with knowledge of the proper process for procuring zoning approval. Pursuant to R.C. 2744.02(B)(4), this court determined that although the meeting occurred in a government building, the injury did not. We stressed that an injury cannot occur on reliance alone. Thus, res judicata applies to the issue of detrimental reliance with regard to the case at bar. SeeGrava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 382 (holding that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.")
 {¶ 36} Also, I disagree with the majority's contention that "[w]e find and accept the trial court's holdings relative to the Duncan factors, including the finding concerning `substantial justice[.]'"
 {¶ 37} In Duncan, supra, syllabus, the Supreme Court of Ohio stated that: "[t]he factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: * * * (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance."
 {¶ 38} This writer notes that the seven Duncan factors are suggested factors to be considered and are, therefore, not mandatory. I disagree with the majority's consideration of the legal conclusion that "substantial justice" was supported by competent and credible evidence with respect to the fact that Winfield detrimentally relied on material and erroneous statements of city officials.
 {¶ 39} For the foregoing reasons, I would reverse and remand the judgment of the trial court.