OPINION
{¶ 1} Appellant, Ronald L. Perme ("Ronald") appeals the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, adopting the Magistrate's Decision overruling (in effect) his motions to cancel an arrearage in child support payments, and to recoup overpayments. We affirm in part, reverse in part and remand this matter.
 {¶ 2} Ronald and appellee Penny Perme ("Penny") were married in 1978. One daughter, Carolyn, was born to the couple April 13, 1985. November 18, 1996, the Permes filed a petition for dissolution of their marriage, incorporating a separation and property settlement, and a shared parenting plan. No provision was made for child support, the parties merely agreeing to share responsibility for Carolyn's welfare.
 {¶ 3} Final hearing was held on the dissolution December 27, 1996, before the trial court. The court directed the Permes to reach a definitive child support order during a recess. Following the recess, the trial court approved the separation and property settlement, and the shared parenting plan, and ordered Ronald to pay $188.55 per month plus poundage in child support.
 {¶ 4} A final judgment entry was filed the same day. A handwritten notation, initialed by each party, required Ronald to pay $182 plus poundage every one and one-half months as child support. A civil docket entry of the same date, initialed by the trial judge, provided that Ronald should pay $182 plus poundage per month as child support.
 {¶ 5} Ronald filled out a Child Support Information Sheet. Child support was typewritten on that as $394 per month. A handwritten note changed that to $182 per month.
 {¶ 6} December 4, 1997, the trial court issued an order to withhold Ronald's wages at a rate of $42.84 per week to meet his child support obligations.
 {¶ 7} The Trumbull County Child Support Enforcement Agency ("TCCSEA") did not withhold Ronald's wages for some nine months following the entry of the dissolution decree. Thereafter, withholding evidently varied for a short period between $42.84 per week, and $84.74 per week, before settling at $92.75 per week in January, 1998.
 {¶ 8} Carolyn Perme was emancipated upon graduating high school June 7, 2003. Ronald received notification from the TCCSEA that he was more than $3,000 in arrears in his child support obligations, and that his wages would continue to be garnished.
 {¶ 9} November 17, 2003, Ronald filed a motion with the trial court seeking the following: (1) an order determining that his child support payments had been fully made, and terminating further withholding; (2) an order to the TCCSEA and other child support agencies requiring them to correct their records; (3) an order requiring Penny to refund any overpayments; and, (4) an order relieving him from the December 12, 1996 dissolution decree and correcting its terms regarding child support.
 {¶ 10} By an order filed February 24, 2004, the trial court ordered the immediate termination of Ronald's child support obligations, the question of arrearages being held over.
 {¶ 11} March 8, 2005, an evidentiary hearing was held before the magistrate. Ronald testified that he believed the higher withholding from his wages was to make up for the nine month period following the dissolution during which the TCCSEA had not withheld anything. He admitted that he knew his child support obligation was only about $182 per month, not the $394 which the TCCSEA collected for years.
 {¶ 12} March 16, 2005, the magistrate issued his decision. He found that there was a discrepancy between the court-ordered child support, and the amounts actually withheld, and that Ronald was aware of the discrepancy. He concluded that Penny would be prejudiced if Ronald were granted the relief he sought, and that such relief was barred by laches and waiver. We note that the magistrate, and afterward, the trial court, further held that child support in the amount of $394 complied with the parties stipulated income and the child support guidelines. No worksheet is in the record, however; and the assertion seems to conflict with the transcript of the dissolution hearing attached to Ronald's omnibus motion.
 {¶ 13} Ronald objected to the magistrate's decision, which objections were overruled by the trial court April 13, 2005. Ronald timely noticed this appeal, making two assignments of error:
 {¶ 14} "[1.] The trial court erred in denying Appellant's motion to terminate child support withholding, to correct Child Support Enforcement Agency (CSEA) records and to refund child support overpayment and Appellant's motion for relief from judgment.
 {¶ 15} "[2.] The trial court erred in applying the doctrine of laches and waiver to this case."
 {¶ 16} We will consider the errors assigned in reverse order.
 {¶ 17} At the outset, it should be recalled that waiver and laches, while related, are distinct. See, e.g., 66 Ohio Jurisprudence 3d (2002) 324, Limitations and Laches, Section 178. "* * * [A] waiver is an intentional relinquishment, either expressly or constructively, of a known right * * * [.]" Id. Thus, waiver requires positive action. Laches, on the contrary, is negative. Id.
 {¶ 18} "Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. Connin v. Bailey (1984),15 Ohio St.3d 34, 35. Delay, alone, in asserting a right does not constitute laches. Id. Rather, one must show that he or she has been materially prejudiced by the delay of the person asserting the claim. Seegert v. Zietlaw (1994), 95 Ohio App.3d 451, 457. Length of time in asserting a claim does not, in itself, satisfy a showing of material prejudice. Kinney v. Mathias (1984),10 Ohio St.3d 72, 75. Material prejudice is shown by proving either: (1) a loss of evidence helpful to the defendant's case; or (2) a change in the defendant's position that would not have occurred if the plaintiff did not delay in asserting his or her rights.State ex rel. Donovan v. Zajac (1997), 125 Ohio App. 3d 245."Bassett v. Bassett, 11th Dist. No. 2001-T-0129, 2002-Ohio-6587, at ¶ 10.
 {¶ 19} Waiver and laches are both equitable defenses.Northfield Park Associates v. Northeast Ohio Harness (1987),36 Ohio App.3d 14, 22 (waiver); Smith v. Smith (1957),107 Ohio App. 440, 444 (laches). The standard of review for equitable proceedings is abuse of discretion. McCarthy v. Lippitt,150 Ohio App. 3d 367, 2002-Ohio-6435, at ¶ 22. This standard applies when reviewing a trial court's application of waiver or laches, and child support determinations. Northfield Park Associates at 22 (waiver); Bassett at ¶ 11 (laches); Abbe v. Borchert (Mar. 29, 2000), 9th Dist. No. C.A. No. 19637, 2000 Ohio App. LEXIS 1260, at *4 (child support). "An abuse of discretion connotes more than an error of law or judgment. Rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." Bassett at ¶ 11.
 {¶ 20} By his omnibus motion in the trial court, Ronald made four separate requests for relief: (1) that his child support obligation be terminated, and found to be paid in full; (2) that the TCCSEA and other child support agencies be required to change their records to reflect the foregoing; (3) that his overpayments be refunded; and, (4) that the dissolution decree be changed to reflect his correct child support obligations.
 {¶ 21} Whether waiver or laches is applied, it is clear that Ronald's last two requests are barred. He has always admitted that he knew his child support obligation to be only about $182 per month, and yet, he continued to pay, for more than five years, more than twice this amount. He never inquired with the court or TCCSEA about this discrepancy. His only explanation for his dalliance is that he thought the excess withholding was to make up for the nine month period immediately following the dissolution during which no money was withheld. The trial court clearly found this incredible: the difference in sums is too large.
 {¶ 22} By continuing to pay $394 per month in child support, when he knew this was far too much, Ronald knowingly relinquished his right to correct the error, and to recover his overpayments. This is waiver. Further, the trial court found that Penny had changed her position due to Ronald's failure to assert his rights. At this point, she might have to refund in excess of $10,000 if Ronald were to recover his overpayments. We agree with the Seventh District Court of Appeals that to require Penny to reimburse Ronald now would result in exactly the sort of prejudice which laches is meant to avoid. Sheperd v. Sheperd
(Apr. 10, 2000), 7th Dist. No. 97 JE 16, 2000 Ohio App. LEXIS 1762, at 11-12.
 {¶ 23} Under the particular circumstances of this case, these considerations do not apply to Ronald's requests that his arrearages be cancelled, and that the records of the child support agencies be changed to reflect this. It was within the equitable powers of the trial court to grant such relief. See, e.g., Mihna v. Mihna (1989), 48 Ohio App.3d 303, 304, at paragraph four of the syllabus ("* * * circumstances may arise where the court may credit a payor spouse's arrearages against overpayments in support money.") In this case, the evidence indicates that Ronald did not become aware of the arrearage until contacted by the TCCSEA at or about the time of Carolyn's emancipation in the spring of 2003. He filed his motion for relief in November of that year. Ronald did not sit on his hands regarding cancellation of the arrearage, and there is nothing in the record indicating prejudice to Penny. Neither waiver nor laches apply.
 {¶ 24} Ronald's second assignment of error is meritorious, in part. The trial court abused its discretion in applying laches and waiver to his requests that the arrearage in child support be cancelled, and the child support agencies' records be changed to reflect the same.
 {¶ 25} Under his first assignment of error, Ronald sets forth three basic arguments. First, he asserts that the judgment entry of dissolution unambiguously provided that he should pay $182, plus poundage, every one and one-half months, whereas the decision of the trial court under appeal retroactively alters that obligation to $394 per month. The argument is not well-taken, being barred by laches and waiver.
 {¶ 26} Second, Ronald asserts that if there is an ambiguity regarding his child support obligation, then the trial court was required to look at all the surrounding circumstances in resolving that ambiguity. Ronald maintains that such a review would result in a determination that his obligation was only about $182 per month, entitling him to the relief he requested. This argument is also barred due to laches and waiver.
 {¶ 27} Finally, Ronald argues that the trial court should have ordered cancellation of his arrearage, and reimbursement of his overpayments. We have already determined the validity of the first point, and that the second is barred.
 {¶ 28} The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part and this matter remanded with instructions to enter an order consistent with this opinion.
Donald R. Ford, P.J., concurs,
Cynthia Westcott Rice, J., concurs in judgment only.