[Cite as *Leecue v. Trumbull Cty. Combined Health Dist.*, 2018-Ohio-4268.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| LORI LEECUE, | : | **O P I N I O N** |
| | : | |
| Petitioner-Appellant, | : | **CASE NO. 2018-T-0025** |
| | : | |
| - vs - | : | |
| | : | |
| TRUMBULL COUNTY COMBINED HEALTH DISTRICT, | : | |
| | : | |
| Respondent-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CV 01272.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *William J. Danso*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Respondent-Appellee).

*David L. Engler*, Engler Law Firm, 181 Elm Road, N.E., Warren, OH 44483 (For Petitioner-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Lori Leecue, appeals from the February 21, 2018 judgment of the Trumbull County Court of Common Pleas, ruling in favor of appellee, Trumbull

County Combined Health District ("TCCHD"). Leecue argues that the trial court improperly granted TCCHD summary judgment. For the following reasons, we affirm.

{¶2} On July 25, 2017, Leecue sought a declaratory judgment stating that property she purchased at 6442 Love Warner Road, Cortland, Ohio 44410, was exempt from TCCHD's point-of-sale inspection requirement. Leecue relied on TCCHD's December 7, 2014, resolution, which exempts certain kinds of property transfers, including foreclosure sales, from mandatory point-of-sale inspections. Leecue asserted that the Cortland property fell into the foreclosure sale exemption because she allegedly purchased it from a sheriff's sale of foreclosed properties. Leecue attached a copy of the February 11, 2014 Limited Warranty Deed to her complaint, showing that she purchased the property from the Federal National Mortgage Association ("FNMA").

{¶3} On September 7, 2017, TCCHD filed a motion for summary judgment, arguing that Leecue's property did not fall under any applicable exemptions from its point-of-sale inspection requirement. TCCHD attached documentation showing that the Cortland property was sold at a sheriff's sale of foreclosed properties to FNMA, who then sold the property to Leecue.

{¶4} On January 30, 2018, Leecue filed a brief in opposition to TCCHD's motion for summary judgment. She stated that TCCHD had not adopted the December 7, 2014 resolution when FNMA purchased the Cortland property from the sheriff's sale. Thus, the foreclosure sale exemption was not in effect. Absent the exemption, Leecue argued that TCCHD's failure to conduct a point-of-sale inspection of FNMA's property resulted in a waiver of inspection rights. Alternatively, she argued that TCCHD's failure to perform the mandatory inspection resulted in equitable estoppel.

{¶5} On February 7, 2018, TCCHD filed a response to Leecue's opposition to TCCHD's motion for summary judgment. TCCHD admitted that the December 7, 2014 resolution had not been adopted, but argued that it merely restated a resolution in effect since 2003. TCCHD included this prior resolution as State's Exhibit G and State's Exhibit G-1. Thus, TCCHD again asserted that FNMA was excused from the mandatory inspection because it purchased the property at a foreclosure sale, but that Leecue failed to qualify for any exemptions.

{¶6} On February 21, 2018, the trial court granted TCCHD's motion for summary judgment, finding that Leecue was not eligible for the foreclosure exemption because she purchased the Cortland property from FNMA. The court stated, "The transfer from FNMA to Leecue was not a foreclosure sale. In fact, that transfer was more than six months after the Sherriff's Deed was recorded as a direct result of the Judgment Entry ordering that deed in the foreclosure action…"

{¶7} On appeal, Leecue raises the following three assignments of error:

{¶8} "[1.] The trial court committed prejudicial error by granting summary judgment to defendant Trumbull County Combined Health District in that the trial court did not construe the record indulgently toward plaintiff Lori Leecue and the trial court did not address valid arguments presented by plaintiff Lori Leecue.

{¶9} "[2.] The trial court did not address or decide whether defendant Trumbull County Combined Health District waived its right to conduct a point of sale inspection of the property purchased by plaintiff Lori Leecue.

{¶10} "[3.] The trial court did not address or decide whether defendant Trumbull County Combined Health District was equitably estopped from conducting a point of sale inspection of the property purchased by plaintiff Lori Leecue."

{¶11} In her first assignment of error, Leecue argues that the trial court erred when it granted summary judgment to TCCHD.

{¶12} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 * * * (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

{¶13} "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 * * * (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 * * * (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 * * * (1986). On appeal, we review a trial court's entry of

4

summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 * * * (1996)." (Parallel citations omitted.) *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6.

{¶14} We must make an independent analysis to determine whether the trial court correctly granted summary judgment to TCCHD.

{¶15} The December 7, 2014 resolution, exempting foreclosure sales from TCCHD's point-of-sale inspection, has no application here because it was adopted after both FNMA and Leecue purchased the Cortland property. However, TCCHD previously passed an identical resolution, taking effect August 20, 2003. The 2003 resolution was available for the trial court's review in State's Exhibit G and State's Exhibit G-1. Leecue failed to present any evidence showing that the 2003 resolution was no longer in effect during the events of this case.

{¶16} The 2003 resolution states, in relevant part, "All transfers and partitions of real property under order of a court of competent jurisdiction, including, but not limited to: foreclosure sales, probate property sales, and divorce decrees" are exempt from the point-of-sale inspections mandated by TCCHD.

{¶17} Construing the record in the light most favorable to Leecue, we nevertheless find that reasonable minds can come to but one conclusion in this case. The 2003 resolution exempted the transfer to FNMA from point-of-sale property inspection, because FNMA made its purchase from a court-ordered sheriff's foreclosure sale. However, Leecue failed to qualify for the foreclosure exemption since she purchased the Cortland property from FNMA, over six months after the foreclosure sale.

5

{¶18} Finding no other applicable exemption in the resolution, the trial court properly entered summary judgment for TCCHD.

{¶19} Leecue's first assignment of error is without merit.

{¶20} In her second assignment of error, Leecue argues that the trial court erred by failing to address whether TCCHD waived its right to conduct a point of sale inspection of the Cortland property. She argues that if no exemption resolution was in force, then TCCHD had a duty to inspect the Cortland property at the time of the sheriff's sale. Thus, TCCHD waived its right to future point-of-sale inspections when it failed to inspect the property.

{¶21} "(A) waiver is an intentional relinquishment, either expressly or constructively, of a known right." *See In re Perme*, 11th Dist. Trumbull No. 2005-T-0056, 2006-Ohio-2771, ¶17.

{¶22} Here, the trial court found that a TCCHD resolution was in force when FNMA purchased the Cortland property. Thus, it was not compelled to address whether TCCHD waived its right to conduct future point-of-sale inspections.

{¶23} Leecue's second assignment of error lacks merit.

{¶24} In her third assignment of error, Leecue argues that the trial court erred by failing to address whether TCCHD was equitably estopped from conducting future point-of-sale inspections of the Cortland property. Absent an exemption resolution, Leecue argues that TCCHD's failure to inspect the Cortland property at FNMA's point-of-purchase amounted to a representation to future property purchasers that the property bore no inspection problems. Leecue asserts that she reasonably relied on this

6

misleading representation, and that TCCHD should be equitably estopped from inspecting her property.

{¶25} """A prima facie case for equitable estoppel requires a plaintiff to prove four elements: (1) that the defendant made a factual misrepresentation; (2) that it is misleading; (3) (that it induced) actual reliance which is reasonable and in good faith; and (4) (that the reliance caused) detriment to the relying party."""" *See JRC Holdings, Inc. v. Samsel Servs. Co*, 11th Dist. Portage No. 2005-P-0028, 2006-Ohio-2148, ¶28.

{¶26} This court has stated, "[I]t is generally the rule that the doctrine of equitable estoppel is not applicable against a state agency. . . by analogy, the same logic applies to a local political agency or subdivision. . ." *See Protzman v. Painesville*, 11th Dist. Lake No. 2004-L-069, 2005-Ohio-3404, ¶23.

{¶27} As in the second assignment of error, the trial court found that an exemption resolution was in force when FNMA purchased the Cortland property. Thus, it correctly chose not to address Leecue's arguments relying on the absence of any applicable resolution.

{¶28} Leecue's third assignment of error lacks merit.

{¶29} For the foregoing reasons, Leecue's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

DIANE V. GRENDELL, J.,

concur.